IN THE UNITED STATES DISTRICT COURT
FOR THE STATE OF DELAWARE

ORIGINAL

Richard E. Shockley, Jr.
   Plaintiff
      V.
Stanley Taylor, Thomas Carroll,
Lt. McCarty, Lt. Satterfield,
Sgt. Marvin Creasy, Sgt. Vangorder,
Officer Roger Raney, Officer Calhoun,
et al.
   Defendants.

Complaint
Civil Action No. 06-126



FILED
FEB 27 2006
U.S. DISTRICT COURT
DISTRICT OF DELAWARE

1.   This is a civil action authorized by 42 U.S.C. Section 1983 to redress the deprivation, under color of state law, or rights secured by the constitution of the united states. The court has jurisdiction under 28 U.S.C. section 1331 and 1343 (a)(3).
   Plaintiff seeks declatory relief pursuant to 28 U.S.C. section 2201 and 2202. "Plaintiff's claims for injunctive relief are authorized by 28 U.S.C. section 2283 and 2284 and Rule 65 of the federal rules of civil procedure".
   The court has supplemental jurisdiction over plaintiff's state law claims under 28 U.S.C. section 1367.

2. The United States District Court for the State of Delaware is an appropriate venue under 28 U.S.C. section 1391 (b)(2) because it is where the events giving rise to the claim occured.

## II Plaintiff

3. Richard E. Shockley, Jr. is and was at all times mentioned herein a prisoner of the State Of Delaware in the custody of the Delaware Department Of Corrections. He is currently confined in the Delaware Correctional Center, in Smyrna, Delaware.

## III Defendants

4. Defendant, Stanley Taylor is the commissioner of the Department Of Corrections of the State of Delaware. He is legally responsible for the overall operation of the Department of Corrections and each institution under its jurisdiction, including the Delaware Correctional Center.

5. Defendant, Thomas Carroll is the Warden at the Delaware Correctional Center. He is legally responsible for the operation of the Delaware Correctional Center and for the welfare of all the inmates of that prison.

6. Defendant, McLarty is a officer of the Delaware Department of Corrections who, at all times mentioned in this complaint, held the rank of Lieutenant and was assigned to the Delaware Correctional Center.

7. Defendant, Satterfield is a officer of the Delaware Department of Corrections who, at all times mentioned in this complaint, held the rank of Lieutenant and was assigned to the Delaware Correctional Center.

8. Defendant, Marvin Creasy is a officer of the Delaware Department of Corrections who, at all times mentioned in this complaint, held the rank of Sargeant and was assigned to the Delaware Correctional Center.

9. Defendant, Vangorder is a officer of the Delaware Department of Corrections who, at all times mentioned in this complaint, held the rank of Sargeant and was assigned to the Delaware Correctional Center.

10. Defendant, Raney is a officer of the Delaware Department of Corrections who, at all times mentioned in this complaint, held the rank of officer and was assigned to the Delaware Correctional Center.

11. Defendant, Calhoun is a officer of the Delaware Department of Corrections who, at all times mentioned in this complaint, held the rank of officer and was assigned to the Delaware Correctional Center.

12. Each Defendant is sued individually and in his or her official capacity. At all times mentioned in this complaint each defendant acted under the color of State law.

### III. Facts

13. Plaintiff made a complaint with defendant Satterfield when he was threatened by defendant Raney. Defendant Raney was under the direct supervision of defendant Creasy at the time of the incident.

Upon information and belief defendant Satterfield has told another inmate at the chow hall that when he catches Shockley doing something he is going to tell.

On November 14, 2005 at 9:30 A.M. a shakedown was conducted on cell A-7 Delta building. A cell the plaintiff shared with inmate Kenny Reeder S.B.I. # 253949.

The search was performed by defendant Vangorder and defendant Calhoun with sgt. Creasy supervising.

The search resulted in no contraband being found and no rule violations.

A short period later another correctional officer whose name I do not know at this time returned and took inmate Kenny Reeder's radio. It was later determined the radio contained contraband. Inmate Kenny Reeder was called out to Sgt. Marvin Creasy's office and told by Sgt. Marvin Creasy, Sgt. Vangorder, Officer Calhoun, Lt. McCarty and the unknown correctional officer that I told on him.

I never spoke to any of the officers or had any involvement.

Inmate Kenny Reeder came back on the tier and started telling other inmates that I was a snitch, and that the above mentioned officers told him this. Kenny Reeder told me I told on him and that the above mentioned officers told him I did.

On November 16, 2005 I spoke to Sgt. Vangorder about this and why her and the above mentioned officers told Kenny Reeder this. Sgt. Vangorder did not deny it and said "You know it was the dambdest thing when we finished the shakedown we went back to Sgt. Creasy's office and officer Calhoun picked up a letter off of Sgt. Creasy's desk that said check Kenny Reeder's radio.

Sgt. Vangorder said the craziest thing was the letter was not there when we left the office to do the shakedown, but it got put in a secured office while we were gone.

Prior to this incident I filed a complaint with Lt. Satterfield due to being threatened by Officer Roger Raney. Officer Roger Raney at the time of the incident worked in building Delta West where I am housed and Officer Raney was under the direct supervision of Sgt. Marvin Creasy.

I am now labeled as a "snitch" and that I work for the police, I am under a lot of stress due to this. This rumor which was caused by the intentional acts of the above mentioned officers has subjected me to cruel and unusual punishment a violation of my 8th Amendment Right, a violation of my 14th Amendment Right to equal protection of the law and due process.

This reputation will never go away even when I am released. This also puts my family at risk.

Defendant Taylor and defendant Carroll are directly responsible for the conduct of these officers.

14. Upon information and belief the defendants have knowingly spread rumors all over the prison through inmates.

15. Exhibits A and B show the effect the defendants actions have caused.

16.    IV   Exhaustion Of Legal Remedies

Plaintiff, Richard E. Shockley, Jr. used the prisoner grievance procedure available at the Delaware Correctional Center to try and solve the problem. On November 21, 2005, plaintiff filed a grievance relating to the facts of this case, Exhibit-C. Plaintiff received no response.
Plaintiff wrote warden Carroll, Major Holman, Captain Henry and Ron Drake of internal affairs, also no response.

17. The plaintiff realleges and incorporates all previous information.

# LEGAL CLAIMS

18. The harassment, sarcasm, ridicule and humiliation presently being suffered by the plaintiff Richard E. Shockley, Jr., and will forever be suffered by the plaintiff and his family even outside of the prison system, constitutes cruel and unusual punishment a violation of plaintiff's 8th Amendment Right against cruel and unusual punishment.

And is also a result of plaintiff's 14th Amendment Right to equal protection of the law.

The harassment, sarcasm, ridicule and humiliation are taking place due to personal choices and actions by the following defendant's, Lt. McCarty, Lt. Satterfield, Sgt. Creasy, Sgt. Vangorder, Officer Calhoun and Officer Raney.

The defendant's knowingly and voluntarily provided false information to inmate Kenny Reeder when the defendant's told inmate Kenny Reeder plaintiff told on him.

The defendants knew when they provided inmate Reeder with this lie that the plaintiff would suffer harassment, sarcasm, humiliation, ridicule and constant mental stress forever because he is labeled as a "snitch" in prison. This reputation will follow defendant back to society.

Upon information and belief this rumor and now reputation of plaintiff has spread throughout the prison system.

The defendant's listed above clearly violated the Department of Correction rules and Constitutional laws.

19. The plaintiff, Richard E. Shockley, Jr., has no plain, adequate or legal remedy at law to redress the wrongs described herein. The plaintiff has and will continue to be irreparably injured by the conduct of the defendants unless the court grants the declatory and injunctive relief which plaintiff seeks.

## Prayer For Relief

20. Wherefore, plaintiff respectfully prays that this court enter judgement granting plaintiff:

21. A declaration that the acts and omissions described herein violated plaintiff's rights under the United States Constitution and laws of the United States.

22. A preliminary and permanent injunction ordering defendants listed in this suit to stop making false allegations, discussing plaintiff's legal matters, spreading rumors among staff and inmates that plaintiff is a snitch, impound all records, papers and reports which relate to the disciplinary action against Kenny Reeder from November 14, 2005, Stop the harassment and retaliation by prison staff and monitor for retaliation, also monitor for retaliation towards all persons who provide declarations supporting plaintiff's complaint.

23. Compensatory damages in the amount of $50,000 against each defendant, jointly and severally.

24. Punitive damages in the amount of $50,000.00 against each defendant.

25. A jury trial on all issues triable by a jury.

26. Plaintiff's costs in the suit.

27. Any additional relief this court deems just, proper, and equitable.

I swear under the penalty of perjury that the foregoing is true.

Date: 2/15/06

Respectfully,

*[signature]*

Richard E. Shockley, Jr.

IN THE UNITED STATES DISTRICT COURT
FOR THE STATE OF DELAWARE

Richard E. Shockley, Jr.
   Plaintiff,
V.
Stanley Taylor, Thomas Carroll,
Lt. M<sup>c</sup>Carty, Lt. Satterfield,
Sgt. Marvin Creasy, Sgt. Vangorder,
Officer Roger Raney, Officer Calhoun,
et al.
   Defendants

SUMMONS

Civil Action
No. _____

To the above-named Defendants:
You are hereby summoned and required to serve upon plaintiff, whose address is Delaware Correctional Center, Smyrna, DE., an answer to the complaint which is herewith served upon you, within 20 days after service of this summons upon you, exclusive of the day of service.
If you fail to do so, judgement by default will be taken against you for the relief demanded in the complaint.

Clerk of the Court

Date: _____

I/M Richard Shockley
SBI# 766900 UNIT D W
DELAWARE CORRECTIONAL CENTER
1181 PADDOCK ROAD
SMYRNA, DELAWARE 19977

U.S.M.S X-RAY

UNITED STATES
DISTRICT C
844 N. KING
Wilmington, DE
19801