IN THE UNITED STATES DISTRICT COURT
FOR THE STATE OF DELAWARE

ORIGINAL

06   126

Richard E. Shockley, Jr.
  Plaintiff,
        V.
Stanley Taylor, et al.
  Defendants

Declaration of
Richard E. Shockley, Jr.



FILED

FEB 27 2006

U.S. DISTRICT COURT
DISTRICT OF DELAWARE

Civil Action No. _____

Richard E. Shockley, Jr. hereby declares:
that he placed a copy of the injunction and
declaration in the U.S. mail addressed to each
defendant.

    If the defendants are allowed to
continue spreading rumors and lies about
plaintiff he will continue to be subjected
to cruel and unusual punishment, a violation
of plaintiff's 8th Amendment and 14th
Amendment Rights.

    I declare under penalty of perjury
that the foregoing is true and correct.

Richard E. Shockley, Jr.
2-15-2006

IN THE UNITED STATES DISTRICT COURT
FOR THE STATE OF DELAWARE

Richard E. Shockley, Jr.
  Plaintiff,

  V.
STANLEY TAYLOR, et al.

  Defendants,

Declaration Of
Richard E. Shockley, Jr.

Civil Action. No.: _____

    I Richard E. Shockley, Jr. hereby declare:
On February 14, 2006 Lieutenant Bradley Lee
said he knew I did not have any thing to
do with Kenny Reeder getting told on, and
the word around the prison is that I
am a snitch due to Sgt. Creasy and
Officer Calhoun and Sgt. Vangorder telling
this to Kenny Reeder.

    I declare under the penalty of perjury
that the foregoing is true and correct.

Richard E. Shockley J.
2/15/06

| STATE OF DELAWARE DELAWARE CORRECTIONAL CENTER | SOP NUMBER 8.9 | PAGE NUMBER 1 OF 6 |
|---|---|---|
| MANUAL | OPR: DEPUTY WARDEN | |
| CHAPTER: 8 ADMINISTRATION | SUBJECT: STANDARDS OF CONDUCT | |
| APPROVED BY WARDEN: | | |
| EFFECTIVE DATE: 1-19-94 | | |

I. Authority: Department of Correction Policy 8.9 and Bureau of Prisons Procedure 8.9.

II. Purpose: To establish acceptable standards of conduct for employees assigned to Delaware Correctional Center.

III. Applicability: To all full-and part-time employees.

IV. Definitions: As used in this document, the following definitions shall apply:

A. Code of Ethics: A set of rules describing acceptable standards of conduct for employees.

B. Conflict of Interest: Any employee action which adversely affects the interest of the Institution. Outside concerns may bring undue pressure upon the employee in his/her effort to make decisions concerning official duties.

V. Policy: The highest possible level of conduct from institutional employees, promotes the protection of the agency, and facilitates the recruitment and retention of the highest caliber of employee. These standards are maintained by compliance with the following conditions:

A. General Standards of Conduct

1. Any effort to realize personal gain through public employment, beyond remuneration provided by the employer, is a violation of public trust, as is any conduct which would create a justifiable impression in the public mind that such trust is being violated.

Exhibit

| / STATE OF DELAWARE | / SOP NUMBER | / PAGE NUMBER | / |
|---|---|---|---|
| / DELAWARE CORRECTIONAL CENTER | / 8.9 | / 2 of 6 | / |
| / SUBJECT:  STANDARDS OF CONDUCT | | | / |

2. Any effort, by any person, to influence an employee to violate standards of ethical conduct or to engage in conduct which would create a justifiable impression in the public mind that such trust is being violated shall be a violation of standards.

3. The term "employee" shall apply to all persons employed full or part time at the Institution.

B. Conflicts of Interest

1. It shall be unlawful for any employee to engage in any activity that, directly or indirectly, constitutes a conflict of interest:

   a. No employee with an interest, financial or otherwise, in any business entity shall participate in a decision or action affecting such a business entity or knowingly part any such decision or action affecting his/her immediate family.

   b. No employee shall act as agent, broker, representative, or employee for, or receive compensation or anything of value from any firm, person, or corporation transacting any business of any kind with this agency or any instrumentality thereof.

   c. No employee shall represent any person with interests adverse to the agency or in conflict with his/her official public duties or attempt to influence for a purpose contrary to the provisions of this policy.

2. The following activities relate specifically to relationships with inmates and are prohibited:

   a. Accepting money, gifts, or favors from any inmate, inmate's family, or their agent.

| STATE OF DELAWARE | SOP NUMBER | PAGE NUMBER |
|---|---|---|
| DELAWARE CORRECTIONAL CENTER | 8.9 | 3 of 6 |
| SUBJECT:  STANDARDS OF CONDUCT | | |

     b.  Providing money, gifts, or favors to any inmate, family of inmate, or agent, except as authorized in the official performance of duties.

     c.  Developing relationships between staff and inmates, other than those necessary in the normal conduct of business. Employees will not become emotionally and romantically involved with inmate/clients.

C.  Confidential Information

     1.  No employee shall use confidential information obtained in the course of official duty for actual or anticipated gain.

     2.  An employee dispensing confidential information may be disciplined in accordance with department rules.

VI.  Procedures:

A.  A correctional employee is the visible representative of the Commissioner of Correction as well as the Senior Supervisor under whom he/she serves.

     1.  It is the responsibility of each person to assume the authority that he/she has been entrusted with and to carry out this important function impartially, fairly, firmly, and in such a manner that respect is preserved for all correctional employees.

     2.  Enforcement of regulations under the purview of Delaware Code is a function that brings the correctional employee in direct contact with inmates as well as the general public. Therefore, each job requires tact, diplomacy, and professional job knowledge.

B.  Harassing of inmates or indiscriminate actions will not be tolerated.

| STATE OF DELAWARE | SOP NUMBER | PAGE NUMBER |
|---|---|---|
| DELAWARE CORRECTIONAL CENTER | 8.9 | 4 of 6 |
| SUBJECT:   STANDARDS OF CONDUCT | | |

1. A correctional employee is bound by law and a moral obligation to treat inmates humanely. There is no excuse for subjection of an inmate to sarcasm, ridicule, or humiliation.

2. When an inmate is unruly or violates regulations, a correctional employee will never use profanity or foul language in his conversation.

C. Correctional employees will devote their full attention to duty.

1. Fraternizing with inmates will be conscientiously avoided.

2. No person will gain favor or popularity by easy-going methods or by overlooking rule infractions.

3. When correcting, cautioning, or warning an inmate for infractions of regulations, an employee will be firm and fair and ████████ this, when possible, in private.

4. Correctional employees will not engage in gossip or idle talk about matters concerning laws, institutional regulations, security, parole, pardon, or infractions committed by inmates to other inmates, or with civilian personnel outside of the facility.

5. The squelching, suppression, or withholding of charges or information concerning inmate infractions or violations of Delaware law will not be tolerated. Under no circumstances will an employee fail to report and/or forward to proper authorities all information known to him concerning violation of law(s) or regulations.

D. Security is the primary function of all correctional employees. Supervision of inmates and constant monitoring of behavior requires outstanding professional performance of duties.

| / | STATE OF DELAWARE | / | SOP NUMBER | / | PAGE NUMBER |
|---|---|---|---|---|---|
| / | DELAWARE CORRECTIONAL CENTER | / | 8.9 | / | 5 of 6 |
| / | SUBJECT:   STANDARDS OF CONDUCT | | | | |

E.  The off-duty conduct of a correctional employee must always be above reproach.

   1.  No one will take advantage of their position to violate laws or regulations.

   2.  Association of correctional employees with ex-inmates and known or suspected persons of questionable character, reflects great discredit upon the department; therefore, it is totally discouraged.

   3.  During off-duty hours, correctional employees will conduct themselves in such a manner that they are able to perform effectively when on duty.

   4.  No correctional employee, while in uniform, will enter an establishment for the purpose of purchasing and/or consuming alcoholic beverages.

F.  Under no circumstances will any employee consume drugs or intoxicants, including beer and wine, eight (8) hours prior to assigned tour of duty.

   1.  When reporting for a tour of duty, an employee will not be affected by intoxicants nor will his breath have the odor of alcohol upon it.

   2.  An employee will not drink intoxicants during the performance of official duties.

   3.  An employee will not drink intoxicants on any property under custody or control of the state of Delaware.

   4.  The consumption of drugs by an employee is prohibited except when prescribed by a physician.

| STATE OF DELAWARE | SOP NUMBER | PAGE NUMBER |
|---|---|---|
| DELAWARE CORRECTIONAL CENTER | 8.9 | 6 of 6 |
| SUBJECT:   STANDARDS OF CONDUCT | | |

a.   In instances where clearance for an employee to report to duty
with drugs is granted, drugs shall be retained within the Main
Control Center for duration of assigned tour of duty.

Supersedes previous Operational Procedure A016 and any changes thereto.



On February 22, 2006 inmate Richard Shockley placed mail addressed to the officers listed below in the U.S. Mail Box located in building Delta West.

Thomas Carroll ~ Warden D.C.C.
Lt. McCarty - D.C.C.
Lt. Satterfield - D.C.C.
Sgt. Marvin Creasy - D.C.C.
Sgt. Vangorder - D.C.C.
Officer Roger Raney - D.C.C.
Officer Calhoun - D.C.C.

Witness/Cpl. A. Nelson

**FORM   #584**

**GRIEVANCE FORM**

FACILITY: _D.C.C._          DATE: _November 21, 2005_

GRIEVANT'S NAME: _Richard Shockley_   SBI#: _166400_

CASE#:_____   TIME OF INCIDENT: _9:30 AM_

HOUSING UNIT: _D/W_

BRIEFLY STATE THE REASON FOR THIS GRIEVANCE. GIVE DATES AND NAMES OF OTHERS INVOLVED
IN THE INCIDENT OR ANY WITNESSES.

_Inmate Kenny Reeder was called out to Sgt._
_Creasy's office and told by Sgt. Creasy, Sgt. Vangorder,_
_Officer Calhoun, Lt. McCarty and other officers that_
_I had told on him for something. A Lie that was_
_used to cause trouble for me._
_          Kenny Reeder came back to the room and_
_told me this._

ACTION REQUESTED BY GRIEVANT: _To have internal affairs investigate_
_why the officers put my safety in danger._

GRIEVANT'S SIGNATURE: _Richard Shockley_   DATE: _11/21/05_

WAS AN INFORMAL RESOLUTION ACCEPTED?   _____(YES)   _____(NO)

(COMPLETE  ONLY IF RESOLVED PRIOR TO HEARING)

GRIEVANT'S SIGNATURE:_____   DATE:_____

**IF UNRESOLVED, YOU ARE  ENTITLED TO A HEARING BY THE RESIDENT GRIEVANCE COMMITTEE.**

cc: **INSTITUTION FILE**
   **GRIEVANT**

April '97 REV