IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| RICHARD E. SHOCKLEY, JR., ) | |
| ) | |
| Plaintiff, ) | |
| ) | C.A. No. 06-126-JJF |
| v. ) | |
| ) | |
| STANLEY TAYLOR, THOMAS ) | |
| CARROLL, LT. MCCARTY, ) | |
| LT. SATTERFIELD, SGT. MARVIN ) | |
| CREASY, SGT. VANGORDER, ) | |
| OFFICER ROGER RANEY, and ) | |
| OFFICER CALHOUN, ) | |
| ) | |
| Defendants. ) | |

**DEFENDANTS' RESPONSE TO**
**PLAINTIFF'S MOTION FOR INJUNCTIVE RELIEF**

Defendants Stanley Taylor, Thomas Carroll, Lt. McCarty, Lt. Satterfield, Sgt. Marvin Creasy, Sgt. VanGorder, Officer Roger Raney and Officer Calhoun ("Defendants") hereby oppose Plaintiff's Motion for Injunctive Relief and, in support thereof, state as follows:[1]

1.    Plaintiff Richard E. Shockley, Jr. ("Plaintiff") is an inmate within the custody of the Delaware Department of Correction ("DOC") incarcerated at the Delaware Correctional Center ("DCC") in Smyrna, Delaware. In this *pro se* prisoner civil rights action, Plaintiff claims that, on November 14, 2005, his cell was inspected as part of a "shakedown." Contraband was found in his cell-mate's radio. Plaintiff alleges that certain Defendants told his cell-mate that Plaintiff "told on him." Plaintiff asserts that

---

[1] This Response does not constitute an entry of appearance on behalf of Defendants as service has not yet been accomplished. Defendants do not waive any defenses which may be available to them.

this statement was false. According to Plaintiff, since then, he has been subjected to harassment and humiliation for being labeled a "snitch." [D.I. 2].

2.      Plaintiff filed this action on February 27, 2006. [D.I. 2]. On the same date, he mailed copies of the Complaint to the Defendants. [D.I. 6]. His mailing included copies of DCC Procedure 8.9 pertaining to officer standards of conduct. Procedure 8.9 is confidential. Inmates are not permitted to possess copies of DCC procedures. *See* Simon Affidavit attached hereto as Exhibit A.

3.      Upon receiving the package from Plaintiff, Defendant Calhoun prepared a disciplinary write-up charging Plaintiff with Failure to Obey an Order and Possession of Non-Dangerous Contraband. In her write-up, attached hereto as Exhibit B, Defendant Calhoun stated that inmates were not permitted to send officers mail through the mailroom and that the paperwork from Plaintiff included Procedure 8.9.

4.      In a pleading submitted to the Court, Plaintiff asserted that, as the result of Defendant Calhoun's write-up, all of Plaintiff's legal papers were confiscated. [D.I. 13].

5.      A disciplinary hearing on the write-up was held on March 14, 2006. The hearing decision is attached hereto as Exhibit C. Plaintiff was found not guilty, the hearing officer's notes indicating that Plaintiff was not aware that the charged conduct was prohibited. There is no record that Plaintiff complained about his missing legal paperwork at the hearing. In another pleading, Plaintiff advised the Court of the hearing outcome but advised that he was still without his legal paperwork. [D.I. 14].

6.      At issue here is Plaintiff's Motion for Injunctive Relief, filed on March 10, 2006, before his disciplinary hearing. [D.I. 9]. In his Motion, Plaintiff claims that he is being subjected to retaliation for "exposing the defendants [sic] illegal activity." Plaintiff

alleges that the retaliation consists of the seizure of his legal paperwork. He asserts that the confiscation occurred on March 8, 2008.

7. He also claims that he has been subjected to verbal retaliation. He was ordered to never send another piece of mail to an officer and was told that he would be "put where he couldn't file any papers." Plaintiff does not explain who made such statements or when they were made or under what circumstances.

8. "[T]he grant of injunctive relief is an 'extraordinary remedy, which should be granted only in limited circumstances.'" *Instant Air Freight Co. v. C.F. Air Freight, Inc.,* 882 F.2d 797, 800 (3d Cir. 1989) (*quoting Frank's GMC Truck Center, Inc. v. General Motors Corp.,* 847 F.2d 100, 102 (3d Cir. 1988)). The grant or denial of a motion for injunctive relief is within the sound discretion of the district court. *Eli Lilly & Co. v. Premo Pharmaceutical Laboratories, Inc.,* 630 F.2d 120, 136 (3d Cir.), *cert. denied*, 449 U.S. 1014 (1980).

9. A plaintiff moving for injunctive relief must demonstrate that: 1) he is likely to succeed on the merits; 2) denial will result in irreparable harm; 3) granting the injunction will not result in irreparable harm to the defendant; and 4) granting the injunction is in the public's interest. *Maldonado v. Houstoun*, 157 F.3d 179, 184 (3d Cir. 1998), *cert. denied,* 526 U.S. 1130 (1999). An injunction should issue only where all four factors favor relief. *S&R Corp. v. Jiffy Lube International, Inc.*, 968 F.2d 371, 374 (3d Cir. 1992).

10. "[A]n injunction may not be used simply to eliminate a possibility of a remote future injury, or a future invasion of rights." *Continental Group, Inc. v. Amoco Chemicals Corp.,* 614 F.2d 351, 359 (3d Cir. 1980) (*quoting Holiday Inns of America,*

3

*Inc. v. B&B Corp.,* 409 F.2d 614, 618 (3d Cir. 1969)). "The relevant inquiry is whether the movant is in danger of suffering irreparable harm at the time the preliminary injunction is to be issued." *SI Handling System, Inc. v. Heisley*, 753 F.2d 1244, 1264 (3d Cir. 1985).

11. In this case there is no evidence that Plaintiff is currently in danger of suffering irreparable harm. In fact, there is no evidence in support of his claim that he was previously subjected to retaliation by Defendants or anyone else.

12. The record shows that Plaintiff received a disciplinary write-up because he mailed paperwork to an officer and that paperwork included a copy of a DCC procedure which inmates are not permitted to have in their possession. Plaintiff was found not guilty of the charge, and, therefore, is at no risk of imminent harm as the result of the write-up.

13. As set forth in the Affidavit attached hereto as Exhibit A, on March 8, 2006, Plaintiff was served with a Notice of Disciplinary Hearing by Lt. Joseph Simon. The disciplinary write-up in question charged Plaintiff with Possession of Non-Dangerous Contraband. The write-up stated that Plaintiff was in possession of DCC Procedure 8.9, pertaining to officer standards of conduct. Exhibit A.

14. Procedure 8.9 is a confidential document. Inmates are not permitted to possess copies of confidential institutional procedures. *Id.*

15. Because the write-up stated that Plaintiff was in possession of a copy of a confidential DCC procedure, at the time that he served Plaintiff with the Notice of Disciplinary Hearing, Lt. Simon searched Plaintiff's cell to determine if he had copies of any other procedures. *Id.*

16. At that time, Lt. Simon located and removed from Plaintiff's cell a number of other confidential DCC procedures, items which he was not permitted to have in his possession. Lt. Simon removed only the procedures from Plaintiff's cell. He did not remove any other property or paperwork. He did not remove any legal paperwork. *Id.*

17. The record of Plaintiff's March 14, 2006 disciplinary hearing contains no reference to missing legal paperwork. Further, Plaintiff has filed no grievances regarding confiscation of legal paperwork. *See* Little Affidavit attached hereto as Exhibit D.

18. With respect to Plaintiff's claim that he has been subjected to verbal retaliation, he provides absolutely no detail in support of these allegations. He does not describe when the statements were made or who made them. In his Affidavit, Lt. Simon denied making any such statements to Plaintiff. *See* Exhibit A.

19. In this case, the factors to be considered in addressing a request for injunctive relief do not favor the granting of Plaintiff's Motion.

20. Plaintiff's claims of retaliation are without merit. He received a disciplinary write-up for possessing non-dangerous contraband – a confidential DCC procedure. He was found not guilty of the charge due to his lack of knowledge that his conduct was prohibited.

21. While certain paperwork was removed from Plaintiff's cell, that paperwork consisted of confidential DCC procedures, items that Plaintiff was not permitted to have in his possession. His legal paperwork was not taken from him.

22. Further, while Plaintiff claims that he was subjected to verbal retaliation, he provides no information as to who engaged in such conduct or when. Lt. Simon, who removed the DCC procedures from Plaintiff's cell, denies making such comments.

5

23. On this record, it is unlikely that Plaintiff will succeed on the merits of his claim, and he makes no showing that denial of his Motion will result in irreparable harm.

24. Further, the facts presented by Plaintiff do not lend themselves to injunctive relief. Defendants cannot return legal paperwork when no legal paperwork was taken from Plaintiff. Defendants cannot prevent DOC employees from making retaliatory comments to Plaintiff when those employees are not identified.

25. Plaintiff cannot show that he is in danger of suffering irreparable harm at this time. An injunction should not be issued "simply to eliminate a possibility of a remote future injury." *Continental Group, Inc.*, 614 F.2d at 359. Therefore, Plaintiff's Motion must be denied.

WHEREFORE, Defendants respectfully request that this Court deny Plaintiff's Motion for Injunctive Relief.

STATE OF DELAWARE
DEPARTMENT OF JUSTICE

/s/ Eileen Kelly
Eileen Kelly, I.D. No. 2884
Deputy Attorney General
Carvel State Office Building
820 North French Street, 6th Floor
Wilmington, DE  19801
(302) 577-8400
eileen.kelly@state.de.us
Attorney for Defendants

Date:  April 24, 2006

**CERTIFICATE OF SERVICE**

I hereby certify that on April 24, 2006, I electronically filed *Defendants' Response to Plaintiff's Motion for Injunctive Relief* with the Clerk of Court using CM/ECF. I hereby certify that on April 24, 2006, I have mailed by United States Postal Service, the document to the following non-registered party: Richard E. Shockley, Jr.

/s/ Eileen Kelly
Deputy Attorney General
Department of Justice
820 N. French St., 6th Floor
Wilmington, DE 19801
(302) 577-8400
eileen.kelly@state.de.us

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| RICHARD E. SHOCKLEY, JR., | ) |
| | ) |
| Plaintiff, | ) |
| | ) C.A. No. 06-126-JJF |
| v. | ) |
| | ) |
| STANLEY TAYLOR, THOMAS CARROLL, LT. MCCARTY, LT. SATTERFIELD, SGT. MARVIN CREASY, SGT. VANGORDER, OFFICER ROGER RANEY, and OFFICER CALHOUN, | ) ) ) ) ) ) ) |
| Defendants. | ) |

**AFFIDAVIT OF JOSEPH SIMON**

I, Joseph Simon, having been duly sworn according to law, depose and state as follows:

1. I make this Affidavit based upon personal information.

2. I am employed by the State of Delaware's Department of Correction as a Correctional Lieutenant at the Delaware Correctional Center ("DCC") in Smyrna, Delaware.

3. I am not a party to the above-captioned lawsuit.

4. On March 8, 2006, I served Plaintiff with a Notice of Disciplinary Hearing.

5. The disciplinary write-up in question, dated February 28, 2006, and authored by Officer Phylis Calhoun, charged Plaintiff with Possession of Non-Dangerous Contraband. The write-up stated that Plaintiff was in possession of DCC Procedure 8.9, pertaining to officer standards of conduct.

6.  Procedure 8.9 is a confidential document. Inmates are not permitted to possess copies of confidential institutional procedures.

7.  Because the write-up stated that Plaintiff was in possession of a copy of a confidential DCC procedure, at the time that I served Plaintiff with the Notice of Disciplinary Hearing, I searched his cell to determine if he had copies of any other procedures.

8.  At that time, I located and removed from Plaintiff's cell a number of other confidential DCC procedures, items which he was not permitted to have in his possession. I removed only the procedures from Plaintiff's cell. I did not remove any other property or paperwork. I did not remove any legal paperwork.

9.  I have never made any threatening comments to Plaintiff. In particular, I never told him that he should never send another piece of mail to an officer, and I never told him that he would be "put where he couldn't file any papers."

/s/ Joseph Simon
Joseph Simon

**SWORN AND SUBSCRIBED** before me this _____ day of April, 2006.

_____
Notary

| Disciplinary# | DCC Delaware Correctional Center | Date: 03/08/2006 |
|---|---|---|
| 1023551 | Smyrna Landing Road  SMYRNA DE, 19977  Phone No. 302-653-9261 | F-11-5 |

## DISCIPLINARY REPORT

Disciplinary Type: Class 1    Housing Unit: Bldg W1    IR#: 1030432

| SBI# | Inmate Name | Inst. Name | Location Of Incident | Date | Time |
|---|---|---|---|---|---|
| 00166400 | Shockley, Richard E J | DCC | Bldg.12 Search Area | 02/28/2006 | 07:30 |

Violations: 2.06/200.108 Failing to Obey an Order, 2.13/200.111 Possession of Non-Dangerous Contraband

Witnesses: 1. N/A    2. N/A    3. N/A

### Description of Alleged Violation(s)

On 2/28/2006 At Aprox 0730 Hours, I C/O Phylis Calhoun Was Checking In For Work And Looked In The Mail Folder At Which Time I Pulled Out A Large White Envelope With My Name On It. The Envelope And Mail Inside Was From Schockley, Richard # 00166400 And One Paper From Roth, Richard Sr #223459. Inmates Are Not Allowed To Send Mail Through The Mail Room For Officers. The Paperwork Says I Am Being Sued Along With Several Other Employees. Included In The Paperwork Are Copys Of Sop Number 8.9 Pages 1 Through 6.

Reporting Officer: Calhoun, Phylis G (Correctional Officer)

### Immediate Action Taken

Immediate action taken by: Calhoun, Phylis G -Correctional Officer

Mab

### Offender Disposition Details

Disposition: N/A    Date: N/A    Time: N/A    Cell secured? No
Reason: N/A
Disposition Of Evidence: N/A

### Approval Information

Approved: [x]    Disapproved: [ ]    Approved By: Simon, Joseph S (Staff Lt./Lt)
Comments: N/A

### Shift Supervisor Details

Date Received: 03/08/2006    Time: 13:28    Received From: Simon, Joseph S

Shift Supervisor Determination:

[ ] Upon reviewing this Disciplinary Report, I conclude that the offense may be properly responded to by an immediate revocation of the following privileges(see reverse side) for ____ hours not to exceed 24 hours)

[X] Upon reviewing this Disciplinary Report, I conclude that the offense would be properly responded to by Disciplinary Hearing.

Simon, Joseph S (Staff Lt./Lt)

I have received a copy of this notice on DATE: 3-8-06 TIME: 1845 and have been informed of my rights to have a hearing and to present evidence on my own behalf. I understand, If found guilty, I will be subject to imposition of sanctions outlined in the Rules of conduct.

Preliminary Hearing Officer: Simon, Joseph S    Offender: Shockley, Richard E J

Page 1 of 1

DR # 102
355I

Date: 3-14-06

DCC Delaware Correctional Center
1181 Paddock Road
Smyrna, DE 19977

## DISCIPLINARY HEARING DECISION

☐ Class I (Major)   ☒ Class II (Minor)   ☐ Summary (24 Hour LOAP)

Inmate: Shockley, Richard E. Jr.   SBI#: 00-166490
Institution: Delaware Correctional Center   Hearing Date: J/A   Time: 1025

Inmate Present: ☒ Yes   ☐ No

Reason (If No): _____

Violation: 4.00 - PWDC
Inmate Plea: NG
Inmate Statement: I'm state paperwork was sent to advise her, he was suing her.

Witness Name: N/A
Testimony:

Witness Name: "
Testimony:

Witness Name: "
Testimony:

Decision: ☐ Guilty   ☒ Not Guilty   ☐ Further Investigation
Rational: Based on I/M rept. A/P not aware of such rules.

Sanctions: None

Hearing Officer's Signature: S/Lt Smith

I understand that I may appeal the decision of the Hearing Officer (or Shift Supervisor in the case of a Summary Sanction) to the Commissioner of Correction or his designee. I must complete a Disciplinary Appeal Form within 72 hours immediately following the hearing and mail it to the DCC Hearing Office.

☐ I do intend to appeal.
☒ I do not intend to appeal.

Inmate's Signature: Richard Shockley

### ORDER TO IMPLEMENT SANCTIONS

☐ Inmate does not wish to appeal        ☐ Appeal has been denied by Commissioner or Designee
☐ Sanctions have been modified          ☐ Time Limit (72 hours since hearing) for appeal has expired

Modifications: _____
It is hereby ordered to implement the sanctions or modified sanctions on Date: _____  Time: _____

Form 121 – May 30, 2003 – 2 pt. NCR DACS

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| RICHARD E. SHOCKLEY, JR., ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> STANLEY TAYLOR, THOMAS ) <br> CARROLL, LT. MCCARTY, ) <br> LT. SATTERFIELD, SGT. MARVIN ) <br> CREASY, SGT. VANGORDER, ) <br> OFFICER ROGER RANEY, and ) <br> OFFICER CALHOUN, ) <br> ) <br> Defendants. ) | C.A. No. 06-126-JJF |

### AFFIDAVIT OF MICHAEL LITTLE

I, Michael Little, having been duly sworn according to law, depose and state as follows:

1. I make this Affidavit based upon personal information.

2. I am employed by the State of Delaware's Department of Correction as the Legal Services Administrator at the Delaware Correctional Center ("DCC") in Smyrna, Delaware.

3. I am not a defendant in this action.

4. I investigated Plaintiff's claim that his legal paperwork was confiscated from his cell on March 8, 2006. I was unable to locate any information supporting this allegation.

5. As set forth in the Affidavit of Lt. Joseph Simon, on March 8, 2006, Plaintiff was found to be in possession of a number of confidential DCC procedures. Inmates are not permitted to possess these confidential documents. The procedures in question were removed

from Plaintiff's cell. No other paperwork, and no legal paperwork, was removed from Plaintiff's cell.

6. The record of Plaintiff's March 14, 2006 disciplinary hearing contains no reference to missing legal paperwork.

7. Plaintiff has filed no grievance regarding the confiscation of legal paperwork.

8. As to Plaintiff's complaints that he was directed to never send mail to officers, and that he was told that he will be placed where he cannot file papers, it was impossible to investigate these claims because Plaintiff did not provide names or dates. Lt. Simon denied that he made any such comments to Plaintiff.

/s/ Michael Little
Michael Little

**SWORN AND SUBSCRIBED** before me this _____ day of April, 2006.

_____
Notary