IN THE UNITED STATES
DISTRICT COURT
FOR THE STATE OF DELAWARE

Richard E. Shockley, Jr.
 Plaintiff,

  V.

Stanley Taylor, Thomas
Carroll, Lt. McCarty, Lt.
Satterfield, SGT. Marvin
Creasy, SGT. Vangorder,
Officer Roger Raney and
Officer Calhoun, et al.
 Defendants,

Civ. No. 06-126-JJF.



FILED

MAY - 5 2006

U.S. DISTRICT COURT
DISTRICT OF DELAWARE

BDscann

<u>Plaintiff's response to Defendants</u>
<u>response to plaintiff's motion for</u>
<u>Injunctive Relief</u>

 The plaintiff received a copy of the court order dated April 12, 2006. Judge Farnan's court order directed the clerk of the court to serve the defendants and the attorney general with a copy of the complaint and motion for injunctive relief.

 Paragraph (1) of that order stated that the defendants shall file a response to plaintiff's motion on or before April 24, 2006, (Exhibit-A).

 Ms. Eileen Kelly, Deputy Attorney General, states in her opening paragraph that the defendants oppose plaintiff's motion for injunctive relief, (Exhibit-B).

1

Ms. Eileen Kelly puts a notation on the bottom of the first page (Exhibit-B), stating that "this response does not constitute an entry of appearance on behalf of defendants because the defendants have not been served. But lists herself as the attorney for the defendants.

The defendants were sued individually, and each defendants involvement was not the same. The defendants were ordered to answer the motion by the court on April 12, 2006. Each defendant is required is required to file his or her own response to the plaintiff's motion.

The attorney should not speak for a defendant who has not been served or provided an answer.

I the plaintiff can not respond to each defendants response to the plaintiff's opening brief due to the fact the defendants have not personally responded to the plaintiff's claims.

The plaintiff included in his original complaint and preliminary injunction motion the roles that each defendant played in the November 14, 2005 incident.

The plaintiff included an affidavit from in mate Richard Roth Sr. supporting the fact that due to the direct actions of the defendants the plaintiff has been labeled a snitch.

The plaintiff has included a notarized sworn affidavit, (Exhibit-C), that affidavit involves details of a conversation between the plaintiff, Defendant Sgt. Marvin Creasy and Defendant Roger Raney. Defendant Creasy was Defendants Roger Raney's supervising officer at the time of the incident.

When the defendants told the plaintiff that another inmate was a "Snitch" the intentions were to cause him harm.

That conversation and the details of that conversation, violated the D.O.C. operating procedure 8.9 pertaining to officer standards of conduct. Which states no officer is allowed to discuss another inmates charges or disciplinary information.

Why would a document (Procedure 8.9) which pertains to correctional officers standards of conduct be confidential.

How is an inmate to determine what is and isn't illegal conduct by correctional officers towards inmates.

Lt. Simon admits he took the D.O.C. procedures which were attached to plaintiffs original complaint. Any time a D.O.C. employee / correctional officer confiscates, acquires or takes away state or personal property from a inmate, the inmate is required to receive a D.O.C. Form 537-A, (See example, Exhibit-D) and a incident report.

The incident report is form 404, and is to be completed by all officers involved in the incident.

Lt. Joseph Simon provided a sworn affidavit in the defendants response. But Lt. Simon failed to have it notarized.

The plaintiff requests that Lt. Simon provide a sworn affidavit notarized.

When Lt. Simon searched the plaintiff's cell on March 8, 2006 by order, he was accompanied by Sgt. Bailey and two other officers. The plaintiff does not know the names of the two other officers and is not allowed to write other officers within the prison to acquire these names. C/o Phyllis Calhoun states this fact in her write up, (Exhibit -E).

The two officers in question carried two arm fulls of paperwork from the plaintiff's cell.

Lt. Simon told Sgt. Bailey to inventory the paperwork and give the plaintiff a 537-A form, (Exhibit -D).

Exhibit -D, of the defendants response is also a sworn affidavit authored by MR. Michael Little. This affidavit is also not notarized.

4

Mr. Michael little states he did an investigation but was unable to uncover any information supporting the plaintiff's claim that his legal paperwork was taken. Mr. Littles investigation did not include speaking to the plaintiff or his cell mate, the plaintiff requests a copy of that investigation and the report authored by Mr. Little,

The operating procedures that the plaintiff possessed was the plaintiff's personal property. The documents were given to the plaintiff by the D.O.C. in (1996) as the document clearly reflects by a stamped date and the warden at that periods signature, (See plaintiff's original complaint).

The plaintiff was not using and did not intend to use them for any illegal activity. The only reason the plaintiff was using the operating procedure documents was to show that the defendant's were violating there job duties and state operating procedures.

The claim that I the plaintiff did not file a grievance in regards to the confiscated legal paperwork is correct.

The reason that the plaintiff did not file a grievance is due to the fact that an inmate can not grieve a disciplinary action, (See Exhibit - F).

5

Lt. Simon states in his affidavit and Eileen Kelly states in her answer that the reason the legal paperwork was taken was due to the disciplinary report filed by defendant Calhoun.

The grievance process also prohibits the plaintiff from requesting the paperwork be returned, (See Exhibit-F).

The plaintiff requests that his motion for injunctive relief be granted.

Respectfully,
Richard E. Shockley, Jr.
1181 Paddock Rd.
Smyrna, DE.
19977

May 3, 2006

6

## Certificate of Service

I, _Richard E. Shockley, Jr._ ,hereby certify that I have served a true
And correct cop(ies) of the attached: _Response to Defendants response_
_to Plaintiff's motion for injunctive relief._ upon the following

parties/person (s):

TO: _U.S. District Court_
_844 N. King St._
_Lock Box 18_
_Wilmington, DE._
_19801-3520_

TO: _Attorney General_
_ATTN: Eileen Kelly_
_820 N. French St._
_Wilmington, DE._
_19801_

TO:_____

TO: _____

BY PLACING SAME IN A SEALED ENVELOPE, and depositing same in the United
States Mail at the Delaware Correctional Center, Smyrna, DE 19977.

On this _5Th_ day of _May_ ,200_6_

_Richard E. Shockley, Jr._

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

RICHARD E. SHOCKLEY, JR.,      :
                                :
          Plaintiff,            :
                                :
     v.                         :    Civ. No. 06-126-JJF
                                :
STANLEY TAYLOR, THOMAS          :
CARROLL, LT. MCCARTY,           :
LT SATTERFIELD, SGT. MARVIN     :
CREASY, SGT VANGORDER,          :
OFFICER ROGER RANEY, and        :
OFFICER CALHOUN,                :
                                :
          Defendants.           :

## ORDER

WHEREAS, Plaintiff Richard E. Shockley, Jr., a prisoner

incarcerated at the Delaware Correctional Center, Smyrna,

Delaware, filed a complaint pursuant to 42 U.S.C. § 1983 (D.I.

2);

WHEREAS, on March 10, 2006, Plaintiff filed a motion for

injunctive relief (D.I. 9) to stop Defendants' retaliatory

conduct for exposing Defendants' illegal activity;

THEREFORE, at Wilmington this ___12___ day of April, 2006, IT IS

ORDERED that:

1.    Defendants shall file a response to Plaintiff's motion

(D.I. 9) on or before **April 24, 2006**.

2.    Plaintiff may file a reply on or before **May 8, 2006.**

3.    The Clerk of the Court is directed to forward a copy of

Plaintiff's complaint (D.I. 2) and motion for injunctive relief

(D.I. 9), and this order to Defendants and the Attorney General

EXHIBIT-A

for the State of Delaware.

UNITED STATES DISTRICT JUDGE

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| RICHARD E. SHOCKLEY, JR., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | C.A. No. 06-126-JJF |
| v. | ) | |
| | ) | |
| STANLEY TAYLOR, THOMAS | ) | |
| CARROLL, LT. MCCARTY, | ) | |
| LT. SATTERFIELD, SGT. MARVIN | ) | |
| CREASY, SGT. VANGORDER, | ) | |
| OFFICER ROGER RANEY, and | ) | |
| OFFICER CALHOUN, | ) | |
| | ) | |
| Defendants. | ) | |

## DEFENDANTS' RESPONSE TO
## PLAINTIFF'S MOTION FOR INJUNCTIVE RELIEF

Defendants Stanley Taylor, Thomas Carroll, Lt. McCarty, Lt. Satterfield, Sgt.

Marvin Creasy, Sgt. VanGorder, Officer Roger Raney and Officer Calhoun

("Defendants") hereby oppose Plaintiff's Motion for Injunctive Relief and, in support

thereof, state as follows: [1]

1.      Plaintiff Richard E. Shockley, Jr. ("Plaintiff") is an inmate within the

custody of the Delaware Department of Correction ("DOC") incarcerated at the Delaware

Correctional Center ("DCC") in Smyrna, Delaware. In this *pro se* prisoner civil rights

action, Plaintiff claims that, on November 14, 2005, his cell was inspected as part of a

"shakedown." Contraband was found in his cell-mate's radio. Plaintiff alleges that

certain Defendants told his cell-mate that Plaintiff "told on him." Plaintiff asserts that

---

[1] This Response does not constitute an entry of appearance on behalf of Defendants as service has not yet
been accomplished. Defendants do not waive any defenses which may be available to them.

EXHIBIT- B

State of Delaware )
                  ) SS.
County of New Castle )

Affidavit of: Richard E. Shockley, Jr.
Dated: MAY 3, 2006

## AFFIDAVIT

I, Richard E. Shockley, Jr. _____, being first duly sworn deposes and says that the foregoing statement is a true and correct observation of what occurred on the above date herein at/in __BUILDING__ __DELTA__ located in the Delaware Correctional Center, Smyrna, Delaware, in that I was a part of or witnessed the incident described herein. I would clearly state under penalty of perjury of the laws of the State of Delaware.

On 8-31-2005 at approximately 1205 Hrs. SGT. Marvin Creasy and officer Roger Raney told me that inmate Tony Francisco told on me and that he was A snitch. A violation of the department of corrections operating procedure 8.9. Which prohibits officers from slandering or discussing any inmates legal or disciplinary activity.

This behavior endangers inmates lives and livelihood and well being of that person.

Affiant    _Richard E. Shockley Jr._
           Signature
           _Richard E Shockley Jr._
           Print Name
           Delaware Correctional Center
           Smyrna, Delaware 19977

SWORN TO AND SUBSCRIBED before me this __3__ day of __MAY__, 200_6_

My Commission Expires: _Oct., 2006_

_____
Notary Public

EXHIBIT - C

## INMATE ACQUIRED OR CONFISCATED PROPERTY

INMATE NAME: _____    SBI# _____

HOUSING UNIT: _____ DATE _____ TIME: _____

| ITEM | DESCRIPTION/BRAND NAME | S/P** | QUANTITY | CONDITION (Poor/Fair/Good) |
|------|------------------------|-------|----------|----------------------------|
| ____ | _____ | _____ | _____ | _____ |
| ____ | _____ | _____ | _____ | _____ |
| ____ | _____ | _____ | _____ | _____ |
| ____ | _____ | _____ | _____ | _____ |
| ____ | _____ | _____ | _____ | _____ |
| ____ | _____ | _____ | _____ | _____ |
| ____ | _____ | _____ | _____ | _____ |
| ____ | _____ | _____ | _____ | _____ |
| ____ | _____ | _____ | _____ | _____ |
| ____ | _____ | _____ | _____ | _____ |
| ____ | _____ | _____ | _____ | _____ |
| ____ | _____ | _____ | _____ | _____ |
| ____ | _____ | _____ | _____ | _____ |
| ____ | _____ | _____ | _____ | _____ |
| ____ | _____ | _____ | _____ | _____ |
| ____ | _____ | _____ | _____ | _____ |
| ____ | _____ | _____ | _____ | _____ |
| ____ | _____ | _____ | _____ | _____ |

_____    Shift _____    _____
**Officer's Name (Print Clearly)**                   **Officer's Signature Who Inventoried Property**

_____    Shift _____    _____
**Supervisor's Name (Print Clearly)**                **Supervisor's Signature Reviewing Inventory**

### Record of Transfer of Property

The acquired/confiscated property, with exceptions noted, as listed above was received from:

_____, on ____/____/____, at _____, by _____, within _____
(Person Transferring Property)      (Date)            (Time)              (Person Receiving Property)              Unit

--------------------------------------------------------------------------------------------------------

### Record of Transfer of Property

The acquired/confiscated property, with exceptions noted, as listed above was received from:

_____, on ____/____/____, at _____, by _____, within _____
(Person Transferring Property)      (Date)            (Time)              (Person Receiving Property)              Unit

--------------------------------------------------------------------------------------------------------

### Record of Transfer of Property

The acquired/confiscated property, with exceptions noted, as listed above was received from:

_____, on ____/____/____, at _____, by _____, within _____
(Person Transferring Property)      (Date)            (Time)              (Person Receiving Property)              Unit

Revised: 4/01/03    ** S- State Property    P- Personal Property        FORM# 537-A

Disciplinary# 1023551

Date: 03/08/2006

**DCC Delaware Correctional Center**
Smyrna Landing Road
SMYRNA DE, 19977
Phone No. 302-653-9261

$\mathcal{F}$. 11-5

# DISCIPLINARY REPORT

| Disciplinary Type: Class 1 | | Housing Unit Bldg W1 | | IR#: 1030432 | | |
|---|---|---|---|---|---|---|
| SBI# | Inmate Name | Inst. Name | Location Of Incident | Date | Time |
| 00166400 | Shockley, Richard E J | DCC | Bldg.12 Search Area | 02/28/2006 | 07:30 |

Violations: 2.06/200.108 Falling to Obey an Order, 2.13/200.111 Possession of Non-Dangerous Contraband

| Witnesses:1.N/A | 2. N/A | 3. N/A |
|---|---|---|

### Description of Alleged Violation(s)

On 2/28/2006 At Aprox 0730 Hours , I C/O Phylis Calhoun Was Checking In For Work And Looked In The Mail Folder At Which Time I Pulled Out A Large White Envelope With My Name On It. The Envelope And Mail Inside Was From Schockley, Richard # 00166400 And One Paper From Roth, Richard Sr #223459. Inmates Are Not Allowed To Send Mail Through The Mail Room For Officers.The Paperwork Says I Am Being Sued Along With Several Other Employees. Included In The Paperwork Are Copys Of Sop Number 8.9 Pages 1 Through 6 .
Reporting Officer: Calhoun, Phylis G (Correctional Officer)

### Immediate Action Taken

Immediate action taken by: Calhoun, Phylis G -Correctional Officer

Mab

### Offender Disposition Details

Disposition: N/A                Date:N/A        Time: N/A        Cell secured? No

Reason: N/A

Disposition Of Evidence: N/A

### Approval Information

Approved: [x]    Disapproved: [ ]    Approved By: Simon, Joseph S (Staff Lt./Lt)

Comments: N/A

### Shift Supervisor Details

Date Received: 03/08/2006        Time: 13:28        Received From: Simon, Joseph S

**Shift Supervisor Determination:**

[ ]    Upon reviewing this Disciplinary Report, I conclude that the offense may be properly responded to by an immediate revocation of the following privileges(see reverse side) for _____ hours not to exceed 24 hours)

[X]    Upon reviewing this Disciplinary Report, I conclude that the offense would be properly responded to by Disciplinary Hearing.

Simon, Joseph S (Staff Lt./Lt)

I have received a copy of this notice on DATE: 3-8-06 TIME: 1845 and have been informed of my rights to have a hearing and to present evidence on my own behalf. I understand, if found guilty, I will be subject to imposition of sanctions outlined in the Rules of conduct.

Preliminary Hearing
Officer:            Simon, Joseph S

Offender:            Shockley, Richard E J

EX HIBIT-E

## Instructions for Submitting a Regular Grievance

Inmates are required, per DOC Procedure 4.4 [Inmate Grievance Procedure] to attempt to resolve complaints prior to filing a regular grievance. Grievances are to be submitted within seven(7) days from the date of the occurance or incident or within seven days after the inmate became aware of the incident. The grievance is to be placed in the grievance box located in each housing unit.

Only one issue per grievance form will be addressed. If the grievance is submitted on a weekend or a holiday, it will be recieved during the next working day.

---

## Return of Unprocessed Grievance

Intake Action: This Grievance Form is being returned to the inmate under the provisions outlined in DOC Procedure 4.4 "Inmate Grievance Procedure" for the following reason(s):

_____ **Vulgar/Abusive or Threatening Language.** The language that is unacceptable has been highlighted. The grievance may be resubmitted omitting this language.

_____ **Non-Grievable.** This issue has been defined as non-grievable in accordance with DOC Policy 4.4. These procedures have their own appeal process that must be followed. _____ Disciplinary Action      _____ Parole Decision
_____ Classification Action

_____ **Request.** Requests are not processed through the grievance procedure. Please correspond with the appropriate office to secure the information that is requested.

_____ **Duplicate Grievance(s).** This issue has been addressed previously in Grievance # _____ .

_____ **Original Grievances must be submitted to the Inmate Grievance Chairperson.** Photocopies are not accepted.

_____ **Inquiry on behalf of other inmates.** Inmates cannot submit grievances for other inmates.

_____ **Expired filing period.** Grievance exceeds seven(7) days from date of occurrence.

_____          _____
Inmate Grievance Chairperson                              Date

EXHIGIT-F



INM Richard Shockley W
SBI# 266600 UNIT W
DELAWARE CORRECTIONAL CENTER
1181 PADDOCK ROAD
SMYRNA, DELAWARE 19977

USMS

USPS
UNITED STATES POSTAGE
$ 00.87°
MAY 04 2006
02 1A
0004808975
MAILED FROM ZIP CODE 19977

U.S. District Court
844 N. King Street
Lock Box 18
Wilmington, DE.
19801-3570

Mailed
5-B-2006