IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

RICHARD E. SHOCKLEY, JR.,          :
                                   :
        Plaintiff,                 :
                                   :
    v.                             :   Civ. No. 06-126-JJF
                                   :
STANLEY TAYLOR, THOMAS             :
CARROLL, LT. MCCARTY,              :
LT SATTERFIELD, SGT. MARVIN        :
CREASY, SGT VANGORDER,             :
OFFICER ROGER RANEY, and           :
OFFICER CALHOUN,                   :
                                   :
        Defendants.                :

**MEMORANDUM ORDER**

Plaintiff Richard E. Shockley, Jr., a prisoner incarcerated at the Delaware Correctional Center ("DCC"), Smyrna, Delaware, filed a motion for injunctive relief to stop Defendants' retaliatory conduct. (D.I. 9.) On April 12, 2006, the Court ordered Defendants to respond to Plaintiff's allegations. (D.I. 16.) Defendants filed a response, along with two un-notarized affidavits, as well as other exhibits. (D.I. 19.) Plaintiff then filed a reply, also with exhibits attached. (D.I. 22.)

When considering a motion for a preliminary injunction Plaintiff must demonstrate that: (1) he is likely to succeed on the merits; (2) denial will result in irreparable harm; (3) granting the injunction will not result in irreparable harm to the defendant(s); and (4) granting the injunction is in the public interest. Maldonado v. Houstoun, 157 F.3d 179, 184 (3d Cir. 1997). "[A]n injunction may not be used simply to eliminate

a possibility of a remote future injury, or a future invasion of rights." Continental Group, Inc. v. Amoco Chems. Corp., 614 F.2d 351, 359 (3d Cir. 1980)(quoting Holiday Inns of Am., Inc. v. B & B Corp., 409 F.2d 614, 618 (3d Cir. 1969)). "The relevant inquiry is whether the movant is in danger of suffering irreparable harm at the time the preliminary injunction is to be issued." SI Handling Sys., Inc. v. Heisley, 753 F.2d 1244, 1264 (3d Cir. 1985).

Defendants argue that Plaintiff is not entitled to injunctive relief because it is unlikely he will succeed on the merits of his claim, and there is no evidence that Plaintiff is currently in danger of suffering irreparable harm. As mentioned above, Plaintiff and Defendants submitted exhibits in support of their position, all having been thoroughly reviewed by the Court.

Plaintiff states that on February 23, 2006, he mailed to Defendants a copy of the "temporary injunction" (i.e., the complaint at D.I. 2), and approximately two weeks later, on March 8, 2006, he received a major disciplinary write-up for two offenses; for writing to a correctional officer, and for possession of prison standards of conduct. (D.I. 9.) Plaintiff pled "not guilty" to the charges. Plaintiff also states that all his legal documents were confiscated and he was ordered "to never send another piece of mail of any kind to a [sic] officer in this prison." Id. Plaintiff alleges that these actions were taken in

retaliation for exposing Defendants' "illegal activity." Id. A disciplinary hearing was held and Plaintiff was found "not guilty" on the bases that Plaintiff was not aware of prison rules prohibiting inmates from sending officers mail through the mailroom or that he was not allowed to possess copies of DCC procedures.

The affidavit of Joseph Simon ("Simon") states that because Plaintiff received a write-up that he was in possession of confidential DCC procedures, at the time Plaintiff was served with the write-up, his cell was also searched. (D.I. 19.) At that time Simon located, and removed from Plaintiff's cell, confidential DCC procedures that Plaintiff was not permitted to have in his possession. Id. Simon states that he did not remove any other property or paper work, and specifically, he did not remove any legal paperwork. Simon denies telling Plaintiff that he should never send another piece of mail to an officer or that he told Plaintiff he would be "put where he couldn't file any papers." Id.

Defendants also submitted the affidavit of Michael Little ("Little") who investigated Plaintiff's claim that his legal paperwork had been confiscated from his cell on March 8, 2006. Little was unable to locate any information supporting this allegation. Little states that the record of the disciplinary hearing contains no references to missing legal paperwork and

Plaintiff has not filed any grievances regarding the confiscation of the paperwork.

Plaintiff disputes the affidavits of Simon and Little. He notes that the affidavits are not notarized. He also argues that when his cell was searched two officers removed "two arm fulls of paperwork." (D.I. 22.) With regard to Little's investigation, Plaintiff indicates that the investigation did not include speaking to him. Finally, he advises that he did not file a grievance for the confiscated legal paperwork because an inmate cannot grieve a disciplinary action.

Given the exhibits submitted to the court, Plaintiff has not demonstrated the likelihood of success on the merits. The documentation is clear that Plaintiff received a disciplinary report, not because he filed a lawsuit, but because in attempting to serve the complaint he violated two separate prison rules. Further, other than his allegations, Plaintiff provides nothing to the court to demonstrate irreparable harm. It is noted that upon Plaintiff's request, the Court provided Plaintiff with two of his previous filings. (D.I. 23.) Moreover, despite the assertion that his legal paperwork was confiscated, Plaintiff was not deprived of access to the courts and has continued to file documents in this case. Based upon the foregoing, Plaintiff has neither demonstrated the likelihood of success on the merits, nor has he demonstrated irreparable harm to justify injunctive

relief.

NOW, THEREFORE, IT IS HEREBY ORDERED this 19 day of May, 2006, that the motion for injunctive relief (D.I. 9) is **DENIED**.

                                                       /s/ Joseph J. Farnan, Jr.
                                                     UNITED STATES DISTRICT JUDGE