IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

RICHARD E. SHOCKLEY, JR.,           :
                                    :
      Plaintiff,                    :
                                    :
v.                                  :  Civ. No. 06-126-JJF
                                    :
STANLEY TAYLOR, THOMAS              :
CARROLL, LT. MCCARTY,               :
LT SATTERFIELD, SGT. MARVIN         :
CREASY, SGT VANGORDER,              :
OFFICER ROGER RANEY, and            :
OFFICER CALHOUN,                    :
                                    :
      Defendants.                   :

### MEMORANDUM ORDER

Plaintiff Richard E. Shockley, Jr. ("Shockley"), an inmate at the Delaware Correctional Center ("DCC"), filed this civil rights action pursuant to 42 U.S.C. § 1983. He appears pro se and on March 15, 2006, was granted in forma pauperis status pursuant to 28 U.S.C. § 1915. (D.I. 11.) The Court now proceeds to review and screen the complaint pursuant to 28 U.S.C. § 1915 and § 1915A.

For the reasons discussed below, the claims against Defendants Stanley Taylor, Thomas Carroll, Lt. Satterfield, and Officer Roger Raney are dismissed without prejudice as frivolous and for failure to state a claim up which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1).

I.   **THE COMPLAINT**

Plaintiff alleges that he made a complaint to Defendant Lt.

Satterfield ("Lt. Satterfield") following a threat by Defendant Officer Roger Raney ("Raney"). Raney is under the supervision of Defendant Sgt. Marvin Creasy ("Sgt. Creasy"). Plaintiff alleges that Lt. Satterfield told another inmate that when he caught Plaintiff "doing something", he was "going to tell." (D.I. 2.)

Plaintiff alleges that on November 14, 2005, there was a shake-down of the cell he shared with inmate Kenny Reeder ("Reeder"). The search was performed by Defendants Sgt. Vangorder ("Sgt. Vangorder") and Officer Calhoun "Calhoun"), and was supervised by Sgt. Creasy. No contraband was found and there were no rule violations. Plaintiff alleges that a short time later an unnamed correctional officer returned to the cell and "took inmate Kenny Reeder's radio." Id. It was later determined that Reeder's radio contained contraband. Thereafter, Reeder was called to Sgt. Creasy's office, where Plaintiff alleges, Reeder was told by Sgt. Creasy, Sgt. Vangorder, Officer Calhoun, Lt. McCarty ("Lt. McCarty"), and the unknown correctional officer that Plaintiff "told on him". Id. Plaintiff alleges that he "never spoke to any of the officers or had any involvement". Id. Plaintiff next alleges that when Reeder returned to the tier he began telling other inmates that Plaintiff was a "snitch." Plaintiff alleges that he spoke to Sgt. Vangorder on November 16, 2005, about the matter, and Sgt. Vangorder did not deny what was told to Reeder. Plaintiff alleges that he is now labeled as a

"snitch", and that the actions of these Defendants violated his constitutional rights.

Plaintiff also alleges that Defendants Stanley Taylor ("Taylor") and Thomas Carroll ("Carroll") are directly responsible for the conduct of the above-mentioned officers. Plaintiff seeks declaratory and injunctive relief, and compensatory and punitive damages.

## II.  STANDARD OF REVIEW

When a litigant proceeds in forma pauperis, 28 U.S.C. § 1915 provides for dismissal under certain circumstances. When a prisoner seeks redress from a government defendant in a civil action, 28 U.S.C. § 1915A provides for screening of the complaint by the Court. Both 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1) provide that the Court may dismiss a complaint, at any time, if the action is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant immune from such relief.

Pro se complaints are liberally construed in favor of the plaintiff. Haines v. Kerner, 404 U.S. 519, 520-521 (1972). The Court must "accept as true factual allegations in the complaint and all reasonable inferences that can be drawn therefrom." Nami v. Fauver, 82 F.3d 63, 65 (3d Cir. 1996)(citing Holder v. City of Allentown, 987 F.2d 188, 194 (3d Cir. 1993)). An action is frivolous if it "lacks an arguable basis either in law or in

fact," Neitzke v. Williams, 490 U.S. 319, 325 (1989), and the claims "are of little or no weight, value, or importance, not worthy of serious consideration, or trivial." Deutsch v. United States, 67 F.3d 1080, 1083 (3d Cir. 1995). Additionally, a pro se complaint can only be dismissed for failure to state a claim when "it appears 'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" Haines v. Kerner, 404 U.S. 519, 520-521 (1972)(quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957)).

### III. ANALYSIS

#### A.  Respondeat Superior

Plaintiff sued Defendants Taylor and Carroll on the basis of respondeat superior. Supervisory liability cannot be imposed under § 1983 on a respondeat superior theory. See Monell v. Department of Social Services of City of New York, 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976). In order for a supervisory public official to be held liable for a subordinate's constitutional tort, the official must either be the "moving force [behind] the constitutional violation" or exhibit "deliberate indifference to the plight of the person deprived." Sample v. Diecks, 885 F.2d 1099, 1118 (3d Cir. 1989) (citing City of Canton v. Harris, 489 U.S. 378, 389 (1989)).

The allegations against Taylor and Carroll are that they "are directly responsible for the conduct of these officers."

(D.I. 2.)  The complaint does not allege that Defendants Taylor and Carroll were the "driving force [behind]" Plaintiff's alleged constitutional violations or that they were deliberately indifferent to his plight.

Construing the complaint in the light most favorable to the Plaintiff, as the Court must do, it is evident that Defendants Taylor and Carroll were named as defendants solely upon their supervisory/administrative positions.  Accordingly, the claim against them is dismissed without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b) as it has no arguable basis in law or in fact.

### B. Personal Involvement

To state a viable § 1983 claim, a plaintiff must allege facts showing a deprivation of a constitutional right, privilege or immunity by a person acting under color of state law.  West v. Atkins, 487 U.S. 42, 48 (1988).  Additionally, a civil rights complaint must state the conduct, time, place, and persons responsible for the alleged civil rights violations.  Evancho v. Fisher, 423 F.3d 347, 353 (3d Cir. 2005) (citing Boykins v. Ambridge Area Sch. Dist., 621 F.2d 75, 80 (3d Cir. 1980); Hall v. Pennsylvania State Police, 570 F.2d 86, 89 (3d Cir.1978)).  Finally, "[a] defendant in a civil rights action must have personal involvement in the alleged wrongs" to be liable. Sutton v. Rasheed, 323 F.3d 236, 249 (3d Cir. 2003)(quoting Rode v.

Dellarciprete, 845 F.2d 1195, 1207 (3d Cir. 1988).

Plaintiff alleges that after he was "threatened" by Defendant Raney, he made a complaint with Lt. Satterfield. (D.I. 2.) This is the only allegation against Defendant Raney; that on an unknown date, at an unknown time, he "threatened" Plaintiff in an unknown manner. It may be that in making this allegation Plaintiff attempts to connect the alleged actions of Defendants Sgt. Creasy, Sgt. Vangorder, Officer Calhoun, and Lt. McCarty with the Plaintiff's complaint against Officer Raney. Regardless, the complaint fails to allege any personal involvement on behalf of Officer Raney that rises to the level of a constitutional violation.

As alleged, the claim against Officer Raney does not rise to the level of a constitutional violation. Therefore, the claim against him is dismissed without prejudice as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and § 1915A(b)(1). Plaintiff, however, is given leave to amend the complaint.

C. **Retaliation**

Although not clear, it appears that Plaintiff attempts to allege a retaliation claim against Lt. Satterfield. The allegation against Lt. Satterfield is that prior to the time Plaintiff was labeled a "snitch", Plaintiff made a complaint to Lt. Satterfield regarding a threat by Officer Raney. Plaintiff further alleges that Lt. Satterfield told another inmate that

when he caught Plaintiff "doing something" he was "going to tell." (D.I. 2.)

Proof of a retaliation claim requires that Plaintiff demonstrate (1) constitutionally protected conduct; (2) an adverse action by prison officials "'sufficient to deter a person of ordinary firmness from exercising his [constitutional] rights,'" and (3) "a causal link between the exercise of his constitutional rights and the adverse action taken against him." Mitchell v. Horn, 318 F.3d 523, 530 (3d Cir. 2003) (citations omitted).

Plaintiff has alleged a constitutionally protected conduct (i.e., filing a complaint against a correctional officer), and has alleged an adverse action (i.e., labeled a "snitch"). The complaint, however, fails to allege a causal link between the exercise of Plaintiff's constitutional rights and any alleged adverse action taken against him by Lt. Satterfield. There are no allegations that Lt. Satterfield was involved in the search of Plaintiff's cell. Nor are there any allegations that Lt. Satterfield was present in St. Creasy's office when Sgt. Creasy, Sgt. Vangorder, Officer Calhoun, and Lt. McCarty made the alleged comment to Reeder that Plaintiff had "told on him."

Applying the retaliation standard and construing the complaint liberally, Plaintiff has failed to state a claim of retaliation for exercise of a constitutional right. Therefore,

-7-

the claim against Lt. Satterfield is dismissed without prejudice, pursuant to to 28 U.S.C. § 1915(e)(2)(B)(ii) and § 1915A(b)(1). Plaintiff, however, is given leave to file an amended complaint.

**IV.   MOTION FOR APPOINTMENT OF COUNSEL**

Plaintiff also requests appointment of counsel. (D.I. 4.) He seeks appointed counsel on the bases that he is unable to afford counsel, his imprisonment will greatly limit his ability to litigate the case, the issues involved are complex and will require significant research and investigation, he has limited access to the law library and limited knowledge of the law, and because the case will likely involve conflicting testimony an attorney would better enable Plaintiff present evidence and cross-examine witnesses.

A pro se litigant proceeding in forma pauperis has no constitutional or statutory right to appointed counsel. See Ray v. Robinson, 640 F.2d 474, 477 (3d Cir. 1981). It is within the Court's discretion to seek representation by counsel for Plaintiff "upon a showing of special circumstances indicating the likelihood of substantial prejudice to [plaintiff] resulting from [plaintiff's] probable inability without such assistance to present the facts and legal issues to the court in a complex but arguably meritorious case." Smith-Bey v. Petsock, 741 F.2d 22, 26 (3d Cir. 1984); accord Tabron v. Grace, 6 F.3d 147, 155 (3d Cir. 1993)(representation by counsel may be appropriate under

certain circumstances, after a finding that a plaintiff's claim has arguable merit in fact and law).

This case is in its initial stages and service has not yet been effected. It is this Court's practice to dismiss without prejudice motions for appointment of counsel filed prior to service. Based upon the foregoing, the motion for appointment of counsel (D.I. 4) is denied without prejudice, with leave to refile following service of the complaint.

## V. CONCLUSION

NOW THEREFORE, at Wilmington this 30 day of May, 2006, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for appointment of counsel (D.I. 4) is **DENIED WITHOUT PREJUDICE** with leave to refile following service of the complaint.

2. Plaintiff's claims against Defendants Stanley Taylor, Thomas Carroll, Lt. Satterfield, and Officer Roger Raney are **DISMISSED WITHOUT PREJUDICE** pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1) as either frivolous or for failure to state a claim upon which relief may be granted.

3. Plaintiff is given leave to file an amended complaint. The amended complaint shall be filed within **45 days** from the date of this order.

4. The court has identified what appears at this point to be cognizable claims against Defendants Lt. McCarty, Sgt. Marvin

Creasy, Sgt. Vangorder, and Officer Calhoun.

5.  If an amended complaint is not filed within the time allowed, then the case will proceed on the original complaint and other filings submitted by Plaintiff (D.I. 2, 3, 6, 7) against Defendants Lt. McCarty, Sgt. Marvin Creasy, Sgt. Vangorder, and Officer Calhoun.

 

                                                                                       _____
                                                                                    UNITED STATES DISTRICT JUDGE