## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| RICHARD E. SHOCKLEY, JR., ) | |
| ) | |
| Plaintiff, ) | |
| ) | C.A. No. 06-126-JJF |
| v. ) | |
| ) | Trial by Jury Demanded |
| STANLEY TAYLOR, THOMAS ) | |
| CARROLL, LT. MCCARTY, ) | |
| LT. SATTERFIELD, SGT. MARVIN ) | |
| CREASY, SGT. VANGORDER, ) | |
| OFFICER ROGER RANEY, and ) | |
| OFFICER CALHOUN, ) | |
| ) | |
| Defendants. ) | |

## **DEFENDANTS' ANSWER TO THE COMPLAINT**

COME NOW Defendants Lt. Ronald McCarty, Sgt. Marvin Creasy, Sgt. Cheryl Anne Van Gorder and Officer Phylis Calhoun ("Defendants"), by and through the undersigned counsel, and hereby answer the Complaint in this action as follows:

1. The first sentence sets forth legal argument and no response is required. The second sentence is admitted. The third sentence sets forth legal argument and no response is required. The fourth sentence is denied. The fifth sentence is denied: Plaintiff has not alleged any state law claims.

2. Admitted.

3. Admitted.

4. Stanley Taylor has been dismissed as a defendant in this action and therefore no response is required.

5. Thomas Carroll has been dismissed as a defendant in this action and therefore no response is required.

6. Admitted.

7. Lt. Satterfield has been dismissed as a defendant in this action and therefore no response is required.

8. Admitted.

9. Admitted.

10. Officer Raney has been dismissed as a defendant in this action and therefore no response is required.

11. Admitted.

12. This paragraph sets forth legal argument and no response is required.

13. As to paragraph beginning "Plaintiff made a complaint:" This paragraph is directed to Lt. Satterfield and Officer Raney, who have been dismissed as defendants in this matter, and therefore no response is required. To the extent that a response is required, the allegations are denied.

As to paragraph beginning "Upon information and belief:" This paragraph is directed to Lt. Satterfield, who has been dismissed as a defendant in this matter, and therefore no response is required. To the extent that a response is required, the allegations are denied.

As to paragraph beginning "On November 14, 2005:" Denied. A shakedown of Plaintiff's cell was conducted on November 9, 2005.

As to paragraph beginning "The search was performed:" Denied.

As to paragraph beginning "The search resulted:" Admitted.

As to paragraph beginning "A short period later:" Admitted that on November 9, 2005, Inmate Kenneth Reeder's radio was confiscated and that the radio contained contraband. The remaining allegations set forth in this paragraph are denied.

As to paragraph beginning "I never spoke:" Defendants are without sufficient information to admit or deny the allegations set forth in this paragraph.

As to paragraph beginning "Inmate Kenny Reeder:" Defendants are without sufficient information to admit or deny the allegations set forth in this paragraph.

As to paragraph beginning "On November 16, 2005:" Denied, except it is admitted that Sgt. Van Gorder advised Plaintiff that a note was found in the building office stating that there was tobacco in Inmate Kenneth Reeder's radio. This conversation took place sometime after the radio was removed from the cell.

As to paragraph beginning "Sgt. Van Gorder said:" Denied.

As to paragraph beginning "Prior to this incident:" This paragraph is directed to Lt. Satterfield and Officer Raney, who have been dismissed as defendants in this matter, and therefore no response is required. To the extent that a response is required, the allegations are denied.

As to paragraph beginning "I am now:" Defendants are without sufficient information to admit or deny the allegations set forth in the first sentence. Defendants are without sufficient information to admit or deny the allegations set forth in the second sentence. The third sentence is denied.

As to paragraph beginning "This reputation:" Denied that any actions by Defendants caused Plaintiff to be labeled as a "snitch." Defendants are without sufficient

3

information to admit or deny the remaining allegations set forth in this paragraph.

As to paragraph beginning "Defendant Taylor:" This paragraph is directed to Stanley Taylor and Thomas Carroll, who have been dismissed as defendants in this matter, and therefore no response is required. To the extent that a response is required, the allegations are denied.

14. Denied.

15. Denied that Defendants' actions have caused any "effect" on Plaintiff. Defendants do not have Exhibits A and B.

16. Denied.

17. Defendants incorporate herein by reference their responses set forth in paragraphs 1 – 16.

18. Denied.

19. Denied.

20 – 27. These paragraphs set forth claims for relief and no response is required.

## RELIEF

1. It is specifically denied that Plaintiff is entitled to compensatory, punitive or any monetary damages.

2. It is specifically denied that Plaintiff is entitled to declaratory, injunctive or any other relief.

## AFFIRMATIVE DEFENSES

3. Plaintiff has failed to state a claim upon which relief can be granted.

    4.       Plaintiff has failed to exhaust his administrative remedies.

    5.       Defendants are immune from liability under the Eleventh Amendment.

    6.       Defendants are entitled to qualified immunity.

    *7.*       As to any claims under state law, Defendants are entitled to immunity under the State Tort Claims Act, 10 *Del. C.* § 4001 *et seq.*

    8.       As to any claims under state law, Defendants are entitled to sovereign immunity in their official capacity.

    9.       Defendants cannot be held liable in the absence of personal involvement for the alleged constitutional deprivations.

    10.     To the extent that Plaintiff seeks to hold Defendants liable based on supervisory responsibilities, the doctrine of *respondeat superior* or vicarious liability is not a basis for liability in an action under 42 *U.S.C.* § 1983.

    11.     Defendants, in their official capacities, are not liable for alleged violations of Plaintiff's constitutional rights as they are not "persons" within the meaning of 42 *U.S.C.* § 1983.

    12.     Insufficiency of service of process.

    13.     Insufficiency of process.

    14.     Lack of jurisdiction over the person and subject matter.

WHEREFORE, Defendants respectfully request that judgment be entered in their

favor and against Plaintiff as to all claims and that attorney fees be awarded to them.

        **STATE OF DELAWARE**
        **DEPARTMENT OF JUSTICE**

        /s/ Eileen Kelly
        Eileen Kelly, I.D. No. 2884
        Deputy Attorney General
        Carvel State Office Building
        820 North French Street, 6th fl.
        Wilmington, DE  19801
        (302) 577-8400
        eileen.kelly@state.de.us
        Attorney for Defendants

Date:  October 18, 2006

**CERTIFICATE OF SERVICE**

I hereby certify that on October 18, 2006, I electronically filed *Defendants' Answer to the Complaint* with the Clerk of Court using CM/ECF. I hereby certify that on October 18, 2006, I have mailed by United States Postal Service, the document to the following non-registered party: Richard E. Shockley, Jr.

/s/ Eileen Kelly
Deputy Attorney General
Department of Justice
820 N. French St., 6th Floor
Wilmington, DE 19801
(302) 577-8400
eileen.kelly@state.de.us