IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

RICHARD E. SHOCKLEY, JR.,         :
                                  :
      Plaintiff,                  :
                                  :
    v.                            :   Civil Action No. 06-126-JJF
                                  :
LT. MCCARTY, SGT. MARVIN          :
CREASY, SGT VANGORDER, and        :
and OFFICER CALHOUN,              :
                                  :
      Defendants.                 :

### O R D E R

Plaintiff Richard E. Shockley, Jr. ("Shockley"), an inmate at the Delaware Correctional Center ("DCC"), filed this civil rights action pursuant to 42 U.S.C. § 1983. (D.I. 2.) At the same time he filed a Motion For Leave To Proceed In Forma Pauperis. (D.I. 1.) The Motion was granted, and on March 15, 2006, the Court assessed a filing fee of $250.000 and required an initial partial filing fee of $18.17. (D.I. 11.) Shockley signed an Authorization requesting the prison business office to disburse payments to the Clerk of the Court for payment of the filing fee. (D.I. 17.) Since that time, partial filing fee payments were made in June, July, September, October, and December 2006, and in January and February 2007.

Now before the Court is Shockley's Letter/Motion To Modify The Plaintiff's In Forma Pauperis Payment Schedule. (D.I. 33.) Plaintiff seeks modification on the basis that he receives a limited monthly amount of money from his family from which he

must pay a percentage of the owed filing fee, postage, and writing supplies. Plaintiff refers to the Court's screening Order finding what appear to be cognizable claims and asks the Court to "order the defendants to secure the filing fee." (D.I. 33.)

The Court will deny the motion. Shockley is statutorily required to pay the filing fee in accordance with requisites of 28 U.S.C. § 1915. Further, the mere determination that Plaintiff alleged what appear to be cognizable claims does not support a finding that Defendants pay the filing fee for a Complaint filed by Plaintiff. Such a request is contrary to federal statutes and case law.

Plaintiff also filed a Motion For Appointment Of Counsel. (D.I. 38.) He seeks appointed counsel on the bases that he is incarcerated, unskilled in the law, has alleged what appear to be cognizable claims, has limited law library access due to a broken leg, is unable to have contact with Defendants and an inmate witness due to prison policies, will need access to prison records and files, and appointed counsel would serve the best interests of justice.

It is within the Court's discretion to seek representation by counsel for Plaintiff, but this effort is made only "upon a showing of special circumstances indicating the likelihood of substantial prejudice to [plaintiff] resulting. . .from

[plaintiff's] probable inability without such assistance to present the facts and legal issues to the court in a complex but arguably meritorious case." Smith-Bey v. Petsock, 741 F.2d 22, 26 (3d Cir. 1984); accord Tabron v. Grace, 6 F.3d 147, 155 (3d Cir. 1993)(representation by counsel may be appropriate under certain circumstances, after a finding that a plaintiff's claim has arguable merit in fact and law). After passing this threshold inquiry, the Court considers various factors when assessing a request for counsel, including:  (1) Plaintiff's ability to present his or her own case; (2) the difficulty of the particular legal issues; (3) the degree to which factual investigation will be necessary and the ability of Plaintiff to pursue investigation; (4) Plaintiff's capacity to retain counsel on his own behalf; (5) the extent to which a case is likely to turn on credibility determinations; and (6) whether the case will require testimony from expert witnesses. Tabron, 6 F.3d at 155-57; accord Parham, 126 F.3d at 457; Montgomery v. Pinchak, 294 F.3d at 499.

   To date, Plaintiff has shown that he is able to articulate the alleged facts clearly. The factual issues in the case are not complicated, and discovery has not yet commenced. Therefore, at this juncture, the Court will deny the Motion For Appointment Of Counsel. (D.I. 38.)

THEREFORE, at Wilmington this 20 day of February, 2007, IT IS ORDERED that:

1.  The Motion To Modify The Plaintiff's In Forma Pauperis Payment Schedule (D.I. 33) is **DENIED**.

2.  Plaintiff's Motion For Appointment Of Counsel (D.I. 38) is **DENIED WITHOUT PREJUDICE**

                                        /s/ Joseph J. Farnan
                                        UNITED STATES DISTRICT JUDGE