## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| RICHARD E. SHOCKLEY, JR., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | C.A. No. 06-126-JJF |
| v. | ) | |
| | ) | Trial by Jury Demanded |
| STANLEY TAYLOR, THOMAS CARROLL, LT. MCCARTY, LT. SATTERFIELD, SGT. MARVIN CREASY, SGT. VANGORDER, OFFICER ROGER RANEY, and OFFICER CALHOUN, | ) ) ) ) ) ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANTS' FIRST SET OF INTERROGATORIES DIRECTED TO PLAINTIFF**

Defendants hereby demand full and complete Answers to the following Interrogatories under oath within thirty days. These Interrogatories are continuing and require that supplemental responses be filed in accordance with the Federal Rules of Civil Procedure.

**DEFINITIONS AND INSTRUCTIONS**

A. The word "identify" and words derived therefrom shall have the following meanings:

1. As applied to an individual, "identify" means to state:

   a. The individual's name;

   b. The individual's last known home and business address and the telephone numbers for each such address;

   c. The individual's occupation and title, if any, as of the time to which the interrogatory is directed and as of the present time; and

   d. The role played by the individual in relation to the subject matter of the

        interrogatory.

2. As applied to a document, "identify" means to state:

    a. Its nature (e.g., letter, memorandum, telegram, note, drawing, photograph, etc.);

    b. Its subject matter;

    c. By whom it was made and to whom it was directed;

    d. The date upon which it was made; and

    e. The identity of all individuals or organizations who have possession of the original and any copies.

Note: Production of each document is acceptable in lieu of stating the information in points (a) through (d) of this definition.

3. "Describe" means to set forth fully the underlying facts (rather than ultimate facts or conclusions of fact or law), including date, time and location.

4. "Person" shall mean any natural person, any corporation, partnership, association, joint venture, firm or other business enterprise or legal entity, and means both singular and plural.

5. "DOC" shall mean the Department of Correction in this action and any of its affiliates, subsidiaries, employees, independent contractors, and any other person or entity under the control of DOC.

6. "You and "your" shall mean the Plaintiff in this action, Richard E. Shockley, Jr..

B. If you object to any of the interrogatories herein, whether in whole or in part, on the ground that the information sought therein is privileged or confidential:

1. Describe any such communication sought to be protected, including its subject matter; and

2. Identify the individual by whom it was made, the individual to whom it was directed, and all individuals present when it was made; and

3. Identify any document in which it was recorded, described or summarized; and

4. Identify any such document sought to be protected.

## **INTERROGATORIES**

1) With respect to each and every claim in your Complaint:

   (a) Identify all facts that support your contentions;

   (b) Identify the specific behavior or conduct that you allege that each Defendant engaged in;

   (c) Identify all persons with knowledge of such contentions or facts;

   (d) Identify all documents that reflect, refer to or relate to such contentions or facts.

RESPONSE:

2) Identify all documents which support your contentions or which you intend to offer into evidence at the trial of this matter.

RESPONSE:

3) Identify all persons having knowledge of the allegations in the complaint.

RESPONSE:

4) Identify all persons whom you intend to call as witnesses at trial, excluding expert

witnesses.

RESPONSE:

      5)      Identify any physical evidence which relates in any way to any of the facts alleged in the complaint, or which you intend to offer in evidence at trial.

RESPONSE:

      6)      Identify each expert you expect to call to testify as a witness at trial and state for each such expert, (i) the qualifications of the expert, (ii) the subject matter on which the expert is expected to testify, (iii) the substance of the facts and opinions to which the expert is expected to testify and (iv) the summary of the grounds for such opinion.

RESPONSE:

      7)      State the following about yourself:

          a.      Full name, and any other names you have gone by or used

          b.      Social Security Number

          c.      Date of birth, and any other date of birth you may have used or given,

          d.      Place of birth

          e.      Highest level of formal education that you successfully completed.

RESPONSE:

      8)      Identify all of your criminal convictions in the past 15 years, including the court, jurisdiction, date of conviction, date of sentencing, and the terms of the sentence.

RESPONSE:

      9)      Identify all employment you have had in the past 15 years, including the name and address of each employer, name of supervisor, dates of employment, rate of pay, job title and

responsibilities, and reason for termination.

RESPONSE:

      10)     Were you ever in the Armed Forces? If so, state the dates, branch of service and rank at discharge.

RESPONSE:

      11)     Have you ever been a party to a lawsuit other than the present one? If so, for each lawsuit state the name of the case, the court in which it was filed and the docket number, and the outcome of the case.

RESPONSE:

      12)     Identify all physicians you have seen or been treated by in the past 10 years, including name, office address, telephone number, dates of examination or treatment, and the medical problem involved, if any.

RESPONSE:

      13)     Identify and describe all accidents, injuries and illnesses you have had in the past 15 years.

RESPONSE:

      14)     Identify in detail the precise injury or harm you allege was sustained as a result of the allegations against Defendants in the Complaint.

RESPONSE:

      15)     Describe any medical treatment you received as a result of the allegations against Defendants in the Complaint.

      16)     State:

        a.      whether you requested any medical treatment at a Delaware correctional facility which you believe in any way resulted from the allegations in your complaint; and

        b.      the date and method used for any request listed in subparagraph a. of this interrogatory.

RESPONSE:

17)    State whether you filed a complaint or grievance at the correctional institution or with the Department of Correction about the subject matter of each and every claim in your Complaint. If so, when were they filed, with whom were they filed, and what was the response? If not, why not?

RESPONSE:

18)    State the total amount of monetary damages you are claiming and the computation used to arrive at the sum.

RESPONSE:

19)    Either prior to or subsequent to the alleged incident(s) referred to in your Complaint, have you ever suffered any injuries, illnesses or diseases identical or similar to those alleged in the Complaint? If so, state:

        a.      A description of the injuries or diseases you suffered, including the date and place of occurrence;

        b.      The names and addresses of all hospitals, doctors, or practitioners who rendered treatment or examination because of any such injuries or diseases.

RESPONSE:

20)    Have you, or anyone acting on your behalf, obtained from any person any statement,

declaration, petition, or affidavit concerning this action or its subject matter? If so, state:

        a.      The name and last known address of each such person; and

        b.      When, where, by whom and to whom each statement was made, and whether it was reduced to writing or otherwise recorded.

RESPONSE:

21)     Have you, or anyone acting on your behalf, given or made any statement, declaration, petition, or affidavit concerning this action or its subject matter? If so, state:

        a.      The name and last known address of each such person; and

        b.      When, where, by whom and to whom each statement was made, and whether it was reduced to writing or otherwise recorded.

RESPONSE:

                      **STATE OF DELAWARE**
                      **DEPARTMENT OF JUSTICE**

                      /s/ Eileen Kelly
                      Eileen Kelly (I.D. 2884)
                      Deputy Attorney General
                      820 N. French St., 6th Floor
                      Wilmington, DE 19801
                      (302) 577-8400
                      eileen.kelly@state.de.us
                      Attorney for Defendants

Dated: September 4, 2007

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| RICHARD E. SHOCKLEY, JR., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | C.A. No. 06-126-JJF |
| v. | ) | |
| | ) | Trial by Jury Demanded |
| STANLEY TAYLOR, THOMAS CARROLL, LT. MCCARTY, LT. SATTERFIELD, SGT. MARVIN CREASY, SGT. VANGORDER, OFFICER ROGER RANEY, and OFFICER CALHOUN, | ) ) ) ) ) ) | |
| | ) | |
| Defendants. | ) | |

<u>VERIFICATION AS TO ANSWERS:</u>

I hereby declare under penalty of perjury that the attached Plaintiff's Responses to Defendants' Interrogatories are true and correct.

　　　　　　　　　　　　　　　　　　　　　　　　　　**Richard E. Shockley, Jr.**

**CERTIFICATE OF SERVICE**

I hereby certify that on September 4, 2007, I electronically filed *Defendants' First Set of Interrogatories Directed to Plaintiff* with the Clerk of Court using CM/ECF  I hereby certify that on September 4, 2007, I have mailed by United States Postal Service, the document to the following non-registered party:  Richard E. Shockley, Jr.

/s/ Eileen Kelly
Eileen Kelly (I.D. 2884)
Deputy Attorney General
Department of Justice
820 N. French St., 6th Floor
Wilmington, DE 19801
(302) 577-8400
eileen.kelly@state.de.us