IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

RICHARD E. SHOCKLEY, JR.,          :
                                   :
          Plaintiff,               :
                                   :
     v.                            :   Civil Action No. 06-126-JJF
                                   :
LT. MCCARTY, SGT. MARVIN           :
CREASY, SGT. VANGORDER, and        :
OFFICER CALHOUN,                   :
                                   :
          Defendants.              :

**MEMORANDUM OPINION**

_____

Richard E. Shockley, Jr., <u>Pro</u> <u>se</u> Plaintiff, Dover, Delaware.

Catherine C. Damavandi, Esquire, Deputy Attorney General, Delaware
Department of Justice.  Attorney for Defendants.

_____

December 30, 2009
Wilmington, Delaware

Joseph J. Farnan Jr.
**Farnan, District Judge**

Presently before the Court is Defendants' Motion To Dismiss Plaintiff's Complaint. (D.I. 59.) For the reasons below, the Court will deny the Motion and will order Plaintiff to show cause why the case should not be dismissed for want of prosecution.

## I.  BACKGROUND

Plaintiff, a former inmate at the Delaware Correctional Center ("DCC"), now known as the James T. Correctional Center ("VCC"), Smyrna, Delaware, filed this civil rights action pursuant to 42 U.S.C. § 1983. (D.I. 2.) He appears pro se and was granted in forma pauperis status pursuant to 28 U.S.C. § 1915. (D.I. 11.)  The Court screened the case pursuant to 28 U.S.C. §§ 1915 and 1915A on May 30, 2006 and dismissed the claims against Defendants Stanley Taylor ("Taylor"), Thomas Carroll ("Carroll"), Lt. Satterfield ("Satterfield"), and Officer Roger Raney ("Raney"). (D.I. 25.)  Plaintiff was given leave to file an amended complaint and advised that if an amended complaint was not filed within forty-five days, then the case would proceed on the claims against Lt. McCarty ("McCarty"), Sgt. Marvin Creasy ("Creasy"), Sgt. Vangorder ("Vangorder"), and Officer Calhoun ("Calhoun") (collectively "Defendants"). (Id.)  Plaintiff did not amend the Complaint, Defendants were served, and they answered the Complaint. (D.I. 42.)  Plaintiff did not amend the Complaint after service.

1

Plaintiff alleges that in November 2004, during the course of an investigation, Defendants falsely told an inmate named Reeder that Plaintiff was a snitch. (D.I. 2.) Reeder returned to the tier and told other inmates that Defendants had told him that Plaintiff was a snitch. Plaintiff alleges that he confronted Vangorder who did not deny making the statement. Plaintiff alleges Defendants violated his rights under the Eighth and Fourteenth Amendment to the United States Constitution.

On March 19, 2008, Plaintiff advised the Court of a new address in Dover, Delaware, and asked the Court to issue a scheduling order. (D.I. 50.) The Court entered a Scheduling Order on September 30, 2008, that set a discovery deadline of December 31, 2008, and a dispositive motion deadline of February 27, 2009. (D.I. 52.) A copy of the Scheduling Order, sent to Plaintiff at the address he provided, was returned to sender; attempted not known; unable to forward. (D.I. 53.) Thereafter, the Delaware Department of Correction ("DOC") provided the Court with an updated address for Plaintiff. (D.I. 54.)

On May 4, 2009, Defendants advised the Court they had contacted Plaintiff on April 27, 2009 to schedule a meeting on May 4, 2009 to discuss the filing of the joint proposed pretrial order. (D.I. 57.) Plaintiff did not appear for the meeting. (Id.) Defendants believe that sufficient evidence exists for the Court to "make a determination on this matter without the need

2

for trial" and, therefore, sought leave from the Court to file a case dispositive motion. (Id.) The Motion was granted on May 29, 2009 and, in turn, Defendants filed the pending Motion To Dismiss. (D.I. 58, 59.)

Defendants move for dismissal pursuant to 28 U.S.C. § 1915(e)(2) on the grounds that the Complaint is frivolous and fails to state a claim.[1] (D.I. 40.) They also ask the Court to enter a strike against Plaintiff pursuant to 28 U.S.C. § 1915(g). Plaintiff did not respond to the Motion.

## II. STANDARD OF REVIEW

This Court must dismiss, at the earliest practicable time, certain in forma pauperis and prisoner actions that are frivolous, malicious, fail to state a claim, or seek monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915(e)(2) (in forma pauperis actions); 28 U.S.C. § 1915A (actions in which prisoner seeks redress from a governmental defendant); 42 U.S.C. § 1997e (prisoner actions brought with respect to prison conditions). Because Plaintiff proceeds pro se, his pleading is liberally construed and his complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89 94 (2007) (citations omitted).

---

[1]Defendants refer to the Rule 12(b)(6) standard in the body of their Motion.

The standard for evaluating whether a complaint is "frivolous" is an objective one. <u>Deutsch v. United States</u>, 67 F.3d 1080, 1086-87 (3d. Cir. 1995). Section 1915(e)(2)(B)(i) requires a district court to dismiss claim if it is plain on the face of the complaint that the claim is frivolous. <u>Gleash v. Yuswak</u>, 308 F.3d 758, 760 (7th Cir. 2002); <u>Lau v. Meddaugh</u>, 229 F.3d 1135 (2d Cir. 2000) (table); <u>Gonzales v. Wyatt</u>, 157 F.3d 1016, 1019-20 (5th Cir. 1998); <u>Carroll v. Gross</u>, 984 F.2d 392, 393 (11th Cir. 1993). <u>See</u> <u>also</u> <u>Bradley v. Gray</u>, 78 F. App'x 84 (10th Cir. 2003) (not published). A complaint is frivolous if it "lacks any arguable basis either in fact or law." <u>Denton v. Hernandez</u>, 504 U.S. 25, 31 (1992). Under 28 U.S.C. § 1915(e)(2)(B)(i) and § 1915A(b)(1), a court may dismiss a complaint as frivolous if it is "based on an indisputably meritless legal theory" or a "clearly baseless" or "fantastic or delusional" factual scenario. <u>Neitzke v. Williams</u>, 490 U.S. 319, 327-28 (1989); <u>Wilson v. Rackmill</u>, 878 F.2d 772, 774 (3d Cir. 1989); <u>see, e.g.</u>, <u>Deutsch v. United States</u>, 67 F.3d at 1091-92 (holding frivolous a suit alleging that prison officials took an inmate's pen and refused to give it back). The Court is "especially careful when assessing frivolousness in the case of <u>in</u> <u>forma</u> <u>pauperis</u> complaints, for 'prisoners often must rely on the courts as the only available forum to redress their

4

grievances, even when those grievances seem insignificant to one who is not so confined.'" See Deutsch, 67 F.3d at 1090.

The legal standard for dismissing a complaint for failure to state a claim pursuant to § 1915(e)(2)(B)(ii) and § 1915A(b)(1) is identical to the legal standard used when ruling on 12(b)(6) motions. Tourscher v. McCullough, 184 F.3d 236, 240 (3d Cir. 1999)(applying Fed. R. Civ. P. 12(b)(6) standard to dismissal for failure to state a claim under § 1915(e)(2)(B)). However, before dismissing a complaint or claims for failure to state a claim upon which relief may be granted pursuant to the screening provisions of 28 U.S.C. §§ 1915 and 1915A, the Court must grant Plaintiff leave to amend his complaint unless amendment would be inequitable or futile. See Grayson v. Mayview State Hosp., 293 F.3d 103, 114 (3rd Cir. 2002).

"To survive dismissal, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, -U.S.-, 129 S.Ct. 1937, 1949 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). A claim is facially plausible when its factual content allows the court to draw a reasonable inference that Defendant is liable for the misconduct alleged. Id. The plausibility standard "asks for more than a sheer possibility that a defendant has acted unlawfully." Id. "Where a complaint pleads facts that are 'merely consistent with' a

5

defendant's liability, it 'stops short of the line between possibility and plausibility of 'entitlement to relief.'" Id. The assumption of truth is inapplicable to legal conclusions or to "[t]hreadbare recitals of the elements of a cause of action supported by mere conclusory statements." Id. "[W]here the well-pleaded facts do not permit the court to infer more than a mere possibility of misconduct, the complaint has alleged - but it has not shown - that the pleader is entitled to relief." Id. (quoting Fed. R. Civ. P. 8(a)(2)).

## III. DISCUSSION

At the outset the Court notes that it has already conducted an initial screening of the case that allowed Plaintiff to proceed with his claims against Defendants. In that review, the Court determined whether the Complaint was frivolous, malicious, failed to state a claim, or sought monetary relief from a defendant who was immune from such relief. Had the Court determined that the claims against Defendants were frivolous or failed to state a claim upon which relief could be granted, they would have been dismissed at that time. Additionally, if Defendants disagreed with the Court's ruling, they need merely have filed a motion for reconsideration for the Court to re-visit the issue.

Next, the Court notes that Defendants answered the Complaint prior to filing their Motion to Dismiss. (D.I. 42.) While one

of the asserted affirmative defenses is that Plaintiff failed to
state a claim upon which relief can be granted, Defendants did
not assert an affirmative defense that the claims are frivolous
or in bad faith. (D.I. 18, ¶ 12); See Gonzalez v. Feiner, 130 F.
App'x 590 (3d Cir. 2005) (not published) (Defendant raised
affirmative defense of "the doctrine of frivolous actions");
Gordon v. Lewistown Hosp., Civ. No. 99-1100, 2001 WL 34373013
(M.D. Pa. May 21, 2000) (affirmative defense asserts that
Plaintiff's claims are frivolous, unreasonable, without
foundation and/or in bad faith); Krisa v. Equitable Life
Assurance Soc'y, 113 F. Supp. 2d 694 (M.D. Pa. 2000) (affirmative
defense asserts the claims are frivolous and made in violation of
Fed. R. Civ. P. 11).

Inasmuch as the Answer did not assert an affirmative defense
of frivolousness, typically that portion of the Motion To Dismiss
seeking dismissal on the grounds of frivolousness would be
considered untimely or that defense waived. See, e.g., Fed. R.
Civ. P. 12(h); Molnlycke Health Care AB v. Dumex Med. Surgical
Products Ltd., 64 F. Supp. 2d 448, 449 n.1 (E.D. Pa. 1999.)
(Motion to dismiss for lack of personal jurisdiction, improper
venue and failure to state claim would not be dismissed as
untimely, though filed after answer to complaint, where answer
included those grounds as affirmative defenses.) Defendants,
however, were given leave to file dispositive motions although

7

the Court anticipated, albeit incorrectly, that the dispositve
motion filed would be a summary judgment motion.

## A.  Law Of The Case Doctrine

The law of the case doctrine "limits relitigation of an
issue once it has been decided" in an earlier stage of the same
litigation.  In re Continental Airlines, Inc., 279 F.3d 226, 232
(3d Cir. 2002).  The doctrine is applied with the intent that it
will promote finality, consistency, and judicial economy.  In re
City of Philadelphia Litig., 158 F.3d 711, 717-18 (3d Cir. 1998).
"Reconsideration of a previously decided issue may, however, be
appropriate in certain circumstances, including when the record
contains new evidence."  Hamilton v. Leavy, 322 F.3d 776, 787 (3d
Cir. 2003) (citations omitted).  "[W]hen the record contains new
evidence, 'the question has not really been decided earlier and
is posed for the first time.'"  Id. (citations omitted).
"Accordingly, if the evidence at the two stages of litigation is
'substantially similar,' or if the evidence at the latter stage
provides more support for the decision made earlier, the law of
the case doctrine will apply."  Id.  (citations omitted).

Here, the Complaint has not been amended.  Indeed, with
regard to dismissal nothing has changed since the inception of
the case.  The Court has already screened the case and allowed
Plaintiff to proceed against Defendants.  It determined that
other claims raised by Plaintiff were frivolous and/or failed to

8

state a claim upon which relief could be granted and dismissed them, but did not dismiss the "snitch" claims raised against Defendants. Notably, the Court identified what appeared to be cognizable claims against Defendants. Therefore, the Court will deny the Motion To Dismiss.

**B. Snitch**

In the alternative, the Court will rule on the merits of the Motion. Defendants construe Plaintiff's Complaint as a failure to protect claim with allegations of verbal harassment. Plaintiff's claim, however, is not a failure to protect, but rather that Defendants incited others to harm him by identifying him as a snitch.

This Court has recognized the serious implications of being labeled a "snitch" in prison. Blizzard v. Hastings, 886 F. Supp. 405, 410 (D. Del. 1995) (being labeled a snitch "can put a prisoner at risk of being injured"). See also Hendrickson v. Emergency Med. Services, Civ. A. 95-4392, 1996 WL 472418, at *5 (E.D. Pa. Aug. 20, 1996) (denying defendants' motion for summary judgment because of factual issue as to whether a guard call a prisoner a snitch in front of other inmates); Thomas v. District of Columbia, 887 F. Supp. 1, 4 (D.D.C. 1995) (being "physically confronted by and threatened by inmates" after a guard started a rumor that prisoner was a snitch was "sufficiently harmful to make out an Eighth Amendment excessive force claim").

9

Other Circuits have also held that a correctional officer's calling a prisoner a "snitch" in front of other inmates is an Eighth Amendment violation. See Northington v. Jackson, 973 F.2d 1518, 1525 (10th Cir. 1992) (overturning Rule 12(b)(6) dismissal of complaint alleging that prisoner was beaten by inmates because a guard told them the prisoner was a "snitch"; allegation that guard intended harm to prisoner by inciting other inmates to beat him states a claim); Miller v. Leathers, 913 F.2d 1085, 1088 n.* (4th Cir. 1990) ("It is impossible to minimize the possible consequences to a prisoner of being labeled a 'snitch.'"); Valandingham v. Bojorquez, 866 F.2d 1135, 1139 (9th Cir. 1989)(reversing grant of summary judgment for defendants because "whether [the guards] called [a prisoner] a 'snitch' in the presence of other inmates is 'material' to a section 1983 claim for denial of the right not to be subjected to physical harm by employees of the state acting under color of law."); Harmon v. Berry, 728 F.2d 1407, 1409 (11th Cir. 1984)(reversing the district court's dismissal as frivolous of prisoner's claim the "prison officials have labeled him a snitch and are exposing him to inmate retaliation."); see also Benefield v. McDowall, 241 F.3d 1267, 1269-70 (10th Cir. 2001) (holding that an Eighth Amendment claim had been stated that survived a defense of qualified immunity when prisoner alleged he had been labeled a "snitch" by a correctional officer).

10

Accepting Plaintiff's allegations as true as the Court must, Plaintiff may be able to establish that Defendants violated his rights under the Eighth and Fourteenth Amendments to the United States Constitution. See Northington, 973 F.2d at 1525, n.4 (stating that such allegations may also support a substantive due process claim).

Although Plaintiff's claims may ultimately not succeed on the merits, they are not "indisputably meritless," "fantastic or delusional," "of little or no weight," or "trivial." Neitzke, 490 U.S. at 325, 327. Indeed, on its face, the Complaint contains sufficient factual matter to state a claim to relief. Construing the Complaint liberally, as the Court must, Plaintiff has stated a claim. For the above reasons, the Court will deny the Motion To Dismiss.

## C. Show Cause

On March 19, 2008, Plaintiff submitted a change of address and requested a scheduling order. (D.I. 50.) He has not taken any action since that date. Notably, Plaintiff failed to advise the Court of his most recent address which was provided by the DOC, he failed to appear on May 4, 2009, to meet with defense counsel to discuss the joint pretrial order, and he failed to respond to Defendants' Motion To Dismiss. Inasmuch as more than three months having passed since Plaintiff has taken any action in this case, the Court will order Plaintiff to show cause why

this case should not be dismissed for his failure to prosecute, pursuant to D. Del. LR 41.1,

## IV. CONCLUSION

For the reasons discussed above, the Court will deny the Motion To Dismiss and will order Plaintiff to show cause why the case should not be dismissed for failure to prosecute. (D.I. 59.)

An appropriate Order will be entered.